PECKHAM ROAD Co., Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 41386.)

Third Department, June 3, 1969.

*Louis J. Lefkowitz, Attorney-General (John B. Poersch* and *Ruth Kessler Toch* of counsel), for appellant.

*John B. Gilleran* for respondent.

*Per Curiam.* The State of New York appeals from a judgment in favor of the claimant based upon an alleged unreasonable delay by the State in a road construction project.

There is no substantial dispute as to the facts. On February 8, 1961 the respondent and the State of New York entered into a contract for the reconstruction of a portion of the Ossining-Kitchawan State Highway. Under the terms of the contract, the respondent was required to construct a new highway and to reconstruct portions of the existing highway for a distance of 2.38 miles. The new highway grade proceeded through the Hess and Seymour-Bradley properties, both of which were occupied by the owners at the time of the execution of the contract. Both houses were intended to be demolished under the contract. The respondent started work under the contract on March 8, 1961. The appropriation map for the Hess property was not filed until May 24, 1961 and for the Seymour-Bradley property until May 17, 1961. The Hess property was vacated by the owners on August 1, 1961 but the Seymour-Bradley property continued to be occupied by the owners until September 25, 1961.

The respondent alleges breach of contract by reason of the State's delay in obtaining possession of the above-mentioned properties. It contends that the Seymour-Bradley and Hess properties were the major obstacles to the progression of the work and that the State's delay caused the damage. The State contends that its representatives acted properly and efficiently, and that in any event, possession of the properties was not absolutely necessary for the progression of the work and caused no delay in its completion. The State also relies on a special note in the original proposal which states:

'' Possession of Buildings.

'' The Contractor should understand that immediate possession of all buildings within the highway limits is not now available. Negotiations for possession are now in process and such buildings, with their surrounding premises, will be available to the Contractor as soon as they have been vacated. All bids sub-

mitted should be made on the basis that work can be performed only on vacant buildings, and that as to occupied buildings and surrounding premises, the State is taking all reasonable steps to gain early possession.

" The Contractor must realize, however, that the proceedings to obtain possession can become lengthy legal proceedings, and no claim shall be brought against the State for failure to obtain early possession.

" The State will progress negotiations with due diligence and make every effort to obtain possession as soon as possible but cannot guarantee any definite date at this time."

The Court of Claims awarded respondent damages in the sum of $196,847.18 for the increased costs incurred in the performance of the construction work affected by the delayed acquisition of the right of way through the Hess and Seymour-Bradley properties. The court found that the failure of the State in obtaining possession of the properties was unreasonable and unwarranted and caused a 90-day delay in the performance of the excavation, grading and shoulder work under the contract.

Three issues are raised by this appeal: First, did the special note provision concerning the " Possession of Buildings " bar the present action; Second, did the State breach the contract by taking an unreasonable length of time to obtain title and possession of the buildings in question; and Third, if the State did breach the contract was the measure of damages employed by the trial court correct?

The rule is well established that a contractor is entitled to a reasonable opportunity to perform his contract without obstruction or interference and that the State may be held liable for failure to furnish such opportunity unless it has relieved itself by express language in the contract (see *Johnson, Drake & Piper* v. *State of New York*, 29 A D 2d 793, 794, 795).

Delays and obstructions are actionable if they are not within the contemplation of the parties at the time the contract is made, and that contemplation involves only such delays as are reasonably foreseeable, arise from the contractor's work itself during performance, or others specifically mentioned in the contract. (*Town & Country Eng. Corp.* v. *State of New York*, 46 N. Y. S. 2d 792, citing *Norcross* v. *Wills*, 198 N. Y. 336; *Wilson & English Constr. Co.* v. *New York Cent. R. R. Co.*, 240 App. Div. 479; *Johnson* v. *City of New York*, 191 App. Div. 205, affd. 231 N. Y. 564; *Cauldwell-Wingate Co.* v. *State of New York*, 276 N. Y. 365.)

If the delay or obstruction is within the contemplation of the parties at the time the contract is entered into the " no damage " clause will be valid and enforceable unless the delay was caused

by conduct constituting active interference with the contractor's performance (see *Cauldwell-Wingate Co.* v. *State of New York, supra,* p. 375).

In the instant case it becomes clear that the alleged delay of which claimant complains is the precise delay provided for in the special note provision of the contract. (Cf. *Wright & Kremers* v. *State of New York,* 238 App. Div. 260, mod. 263 N. Y. 615; *Johnson* v. *State of New York,* 5 A D 2d 919.)

The delays complained of, and which the State sought to protect itself against, were within the contemplation of the parties at the time the contract was entered into and since the delay was not brought about by the active interference of the State, the claimant's claim for damages should be barred.

It should be noted that the case of *Bianchi & Co.* v. *State of New York* (17 A D 2d 38), relied upon by claimant does not serve to invalidate the present " no damage " clause as that case was decided upon its own particular facts, and the conclusions of law and fact reached therein are not controlling in the instant case. Although the facts in *Bianchi* and the instant case are quite similar they differ in the important respect that the delay in *Bianchi* caused the contract to be completed several months later than scheduled, where, in the instant case the claimant still managed to complete the work on time. Since the law in this State has always been that a " no delay " clause will not bar claims for delays which prevent the completion of the work within the time fixed by the contract unless it is expressly so provided for in the contract, the clause involved in *Bianchi* did not serve to bar the claim. (*Mansfield* v. *New York Cent. & Hudson Riv. R.R. Co.,* 102 N. Y. 205; *Brady & Co.* v. *Board of Educ. of School Dist. of City of N. Y.,* 222 App. Div. 504; *People ex rel. Wells & Newton Co. of N. Y.* v. *Craig,* 232 N. Y. 125; *Town & Country Eng. Corp.* v. *State of New York, supra.*) In the instant case this problem does not arise as the contract was completed on schedule and, therefore, the special note provision concerning the possession of buildings should be given full effect.

The progress schedule submitted by the claimant provided that the work could reasonably be performed within the limits of the contract with a six months' delay. The schedule did not indicate that there would be any economic damage to the claimant, at least prior to a delay of six months. The contract between the claimant and the State did not specify a date upon which the claimant was required to proceed with rock cuts upon the properties in question. Under those circumstances, there was no reason for the State to assume that due diligence would require possession of the subject properties at any date earlier than

that upon which such possession was provided. It does not appear that the State was on notice that its delay in providing possession of the properties would result in a more extensive operation for the claimant.

The trial court granted an award upon " the particular and unique facts at bar ". Those same unique facts establish that this claim is without merit.

In view of our decision, the question of damages need not be decided. We would note, however, that the basis adopted by the court as to the number of working days and the ratio thereof found to be applicable to the delay, assuming it to be a correct rule, does not have support in the present record.

The judgment should be reversed, on the law and the facts, and the claim dismissed, without costs.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and GREENBLOTT, JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed, without costs.