(February 21, 1980)

 CONDUIT AND FOUNDATION CORPORATION, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 54809.)—Cross appeals from a judgment in favor of claimant, entered August 26, 1977, upon a decision of the Court of Claims. This claim arises out of a contract between claimant and the State of New York for reconstruction of .44 mile of Flushing Avenue in Maspeth, New York. The purpose of the project was to eliminate grade crossings of two branches of the Long Island Railroad on Flushing Avenue. The proposed plan required the erection of two railroad and three highway bridges over a reconstructed and recessed roadway. In addition, two new service roads were to be built, with retaining walls positioned between them and the recessed portion of Flushing Avenue. Related work included the improvement of detour roads and the relocation of utility and sewer lines. Both rail and vehicular traffic were to be maintained at all times. Bids for the contract were advertised on February 20, 1967. They were due on March 23, 1967 and the contract was signed on May 8, 1967. Work was commenced on June 12, 1967, with a completion date set for December 31, 1968. Although the project was not accepted by the State until September 29, 1970, the record demonstrates that the work was substantially completed by December 15, 1969, 11½ months after the scheduled completion date. Claimant seeks to hold the State liable in damages for the increased costs in time and material it allegedly incurred as a result of faulty and misleading designs and plans which caused a series of stoppages and delays during the course of construction. The claim, filed on March 10, 1972, originally contained 33 causes of action. On this appeal we are only concerned with 15 of them. Claimant appeals from so much of the judgment of the Court of Claims as dismissed seven of its causes of action, while the State cross-appeals from the portions which made awards to claimant on eight causes of action. In a lengthy and comprehensive decision, the Court of Claims addressed each cause of action separately and found the State liable for certain extra expenses incurred by claimant and made awards for direct costs. However, the causes of action seeking damages for the increased consequential or indirect costs flowing therefrom as a result of the delays occasioned by the State were dismissed. In its decision on Causes of Action Nos. 9 through 13, the Court of Claims concluded that difficulties encountered by claimant in the installation and lagging of "soldier beams" were the State's responsibility. Soldier beams are metal piles, driven vertically into the ground, designed to support other structures or forms which, under provisions of the contract, were required to be erected prior to excavation for, among other things, the development of a

new sewer line along an adjacent street. In addition, similar beams were to be used to support the railroad trains as the new bridges were being built around them. Thus, their proper installation was crucial to the initial phases of the work. Claimant experienced immediate problems with a subsurface condition known as "nested boulders"; that is, boulders so large and numerous and so close together as not to allow room for pile insertion. Exhibits received in evidence established that test borings had been performed by the State at 10 locations along Flushing Avenue itself in 1957 and early 1958. While these tests indicated the presence of boulders, the contract plan did not come close to describing the actual condition encountered. Moreover, the record demonstrates that when the findings set forth in the boring logs were read in accordance with the terminology used to designate the respective priorities of subsurface conditions, as provided by the State's visual soil identification specifications, the descriptions used indicated that boulders, in most instances, were the least predominant. The Court of Claims found there was a misrepresentation by the State of the subsurface condition at the work site, and we agree. We reject the State's contentions that claimant knew or could have discovered this condition prior to bid, and that the contract's exculpatory clause relieved it of responsibility. We note that claimant had shortly over one month to submit its bid, while the State had been planning the project for over 10 years. Claimant produced uncontradicted proof of insufficient time to pursue independent test borings and, in our view, the State should be held liable for damages proximately caused by the faulty information that it provided (*Grow Constr. Co. v State of New York*, 56 AD2d 95). Additionally, there were other deficiencies in the designs and plans of the State. Among them was a failure to indicate to claimant that the proposed sewer line along Rust Street was to be laid between interfering gas and electric lines. As a result of this nondisclosure, and the failure of the State to co-ordinate its project with the remaining work of private and public utilities, claimant encountered delays because of lack of access to the work site; delays far beyond those ordinarily expected or contemplated by the parties at the time of the execution of the contract (see *Peckham Rd. Co. v State of New York*, 32 AD2d 139, affd 28 NY2d 734). Furthermore, changes in the design and use of steel sheeting at the site prior and subsequent to excavation were imposed upon the claimant, causing additional unanticipated expenses. The Court of Claims properly computed the amount of these items of direct damage in Causes of Action Nos. 9 through 13 and the awards therefor should be affirmed. As previously stated, however, no award was made for the concomitant delays and consequential damages claimant incurred as a result of these events, and the causes of action seeking such relief were dismissed. In our opinion, the record does not supply any basis for distinguishing direct from consequential damages. Misrepresentations of subsurface conditions precipitated extensive delays, necessitating design changes which occasioned yet further delays. Inadequate consideration by the State of proposed utility changes at the Grand Avenue site prior to letting the contract compounded this problem by restricting claimant's access to the site of work which was required to be completed before other work could progress, thus severely disrupting the sequence of construction. The State clearly breached its duty in this particular instance and it should be held liable in damages (*Fehlhaber Corp. v State of New York*, 65 AD2d 119, 125-126; *Peckham Rd. Co. v State of New York, supra*). It necessarily follows that the dismissal of Causes of Action Nos. 2, 4 and 5 be reversed and that appropriate awards be made. The sixth cause of action for extra survey and

stakeout costs incurred during the over-all 11½-month delay was properly dismissed since, in reality, it was for necessary work covered within the terms of the contract. Causes of Action Nos. 14, 15, 16, 19, 20 and 31 were for various contract items, the first of which was a claim for the amounts paid for extra sheeting required to be left in place for safety purposes. This cause of action was dismissed as a risk assumed by claimant when it bid. We agree. However, we would make an award under the fifteenth cause of action for additional trench excavation required by a subsequent modification, for it rests on a superseding agreement as to the method of excavation and rate of payment for such work. Although based on the same facts, the sixteenth cause of action for additional sheeting for excavation was properly dismissed since it was not so founded upon any superseding agreement. The remaining awards for extra excavation, extra material and extra maintenance, regulation of traffic, and protection of the site were proper and should be affirmed. Since we may make findings different from those of the trial court if it appears on all the credible evidence that our determination is reasonably based, it is also within the power of this court to grant the judgment which should have been granted by the trial court (*Grow Constr. Co. v State of New York, supra*). In so doing, damages should be computed by determining actual costs with an allowance for overhead and profit (*D'Angelo v State of New York,* 41 AD2d 77). Inasmuch as the cost items were properly established before the Court of Claims, we will multiply the per month unit price of the fixed cost items by the length of the delay heretofore found, namely, 11½ months, and arrive at the following amounts:

2nd Cause of Action:

| | | | |
|---|---|---|---|
| Field Supervision and Field Office Personnel - 1/1/69 to 12/15/69 | | $101,114.00 | |
| Field Office Expenses (same period) | | 19,044.00 | |
| Additional Labor (same period) | | | |
| Excavation | $108,654.51 | | |
| Trench excavation | 92,778.54 | | |
| Concrete labor | 94,487.67 | | |
| Gravel backfill labor | 27,216.02 | | |
| Cleanup labor | 27,436.77 | 350,574.00 | |
| Home Office Overhead and Profit | | 52,586.00 | |
| Idle Equipment | | 452,773.00 | $ 976,091.00 |
| 4th Cause of Action: Holiday Pay | | | 7,997.00 |
| 5th Cause of Action: Traffic, Maintenance and Protection | | | 75,760.00 |
| 15th Cause of action: Trench Excavation | | | 26,475.00 |
| | Total | | $1,086,323.00 |

There only remains for consideration whether the interests of justice require an apportionment of the damages awarded in this case (*Fehlhaber Corp. v State of New York,* 65 AD2d 119, *supra; Grow Constr. Co. v State of New York, supra; Public Constructors v State of New York,* 55 AD2d 368). The record plainly demonstrates numerous failures on the part of the State yet, in retrospect, claimant could have mitigated some of its damages by, among other things, insisting upon the predrilling of the nested boulders at an early date and by making a more studied evaluation of the test boring

reports. Claimant made several mistakes in the performance of its contract which provide ample grounds for such an apportionment. Therefore, on this record and in the interests of justice, we apportion the respective liability for consequential damages on the basis of 80% to the State of New York and 20% to the claimant. Judgment modified, on the law and the facts, (1) by reversing the dismissal of the second cause of action and directing the entry of judgment thereon in the sum of $780,873 together with appropriate interest; (2) by reversing the dismissal of the fourth cause of action and directing the entry of judgment thereon in the sum of $6,398 together with appropriate interest; (3) by reversing the dismissal of the fifth cause of action and directing the entry of judgment thereon in the sum of $60,608 together with appropriate interest; (4) by reversing the dismissal of the fifteenth cause of action and directing the entry of judgment thereon in the sum of $21,180 together with appropriate interest, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.