■ PHOENIX CONTRACTING CORP., Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORP., Appellant.—Judgment, Supreme Court, New York City (Robert H. Wagner, J.), entered November 29, 1984, which, after a nonjury trial, granted plaintiff judgment of $11,903.93 on its first cause of action and

$31,166 on its second cause of action and dismissed defendant's counterclaim, unanimously modified, on the law, to reverse the judgment entered on the second cause of action and dismiss that cause, and otherwise affirmed, without costs.

Plaintiff contractor brought this action for breach of the contract to construct 14 isolation rooms at defendant's Coney Island Hospital. The second cause of action, as amplified by the bill of particulars, seeks damages for delays in the performance of the work, occasioned primarily by the "sequencing" or "staging" of the work.

The contract specifications required the work to be completed within 180 days and included an exculpatory "no damages for delay" clause. The contract further provided general conditions applicable for work in a hospital including the following:

### "STAGES OF WORK

"The contractor's attention is called to the fact that the work to be done is in a Hospital Building and care shall be taken not to interfere with the service of the Building.

"The Contractor shall consult with and obtain from the Medical Superintendent of the Institution instructions as to the sequence to follow in the procedure of this contract * * *

### "MAINTAINING BUILDING IN OPERATION

"The work called for herein and shown upon the drawings shall be performed in the manner and at such times as will permit of the full and uninterrupted use of the building by the City at all times.

### "PROCEDURE

"The Contractor shall proceed with the work with as little interference with the use of the building or parts thereof as possible, bearing in mind that this is a Hospital Building. He shall do all the work as rapidly as is consistent with good workmanship."

The gravamen of plaintiff's second cause of action is that it was prevented from timely completing the work by the hospital's requirement that the work be performed in stages so as not to interfere with the operation of the hospital. Relying on the testimony of plaintiff's president, the trial court specifically found that this "sequencing" was not a matter contem-

plated by the parties and that the delays caused thereby constituted a breach of contract resulting in damages to the extent indicated.

However, this finding is clearly at odds with the plain, unambiguous language of the contract, as set out *supra,* which unmistakably specified that the work was to be "staged" or "sequenced" in accordance with the hospital's operating requirements. These contractual terms evidence that the parties contemplated the staging of the work and the possible delays attendant thereto.

Moreover, plaintiff's recovery on the second cause of action is barred by the "no damages for delay" clause in the contract, since the trial court did not find that the delay was intentional, malicious, or in bad faith, or the result of willful or gross negligence. *(Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377.) Although the second cause of action is denominated as one for breach of contract, the claim is basically one for delay damages. Regardless of the label attached to it, the claim for delay damages must be dismissed in light of the exculpatory provisions of the contract and the authority of *Kalisch-Jarcho (supra; Honeywell, Inc. v City of New York,* 108 AD2d 125). Concur—Murphy, P. J., Asch, Kassal, Rosenberger and Ellerin, JJ.