■ MILTON KAREL, Respondent, v LESTER A. CLARK, Appellant.—In an action to recover damages for breach of a shareholder's agreement, the defendant appeals from an order of the Supreme Court, Orange County (King, J.), dated June 24, 1986, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7).

Ordered that the order is affirmed, with costs.

When a written agreement provides that it cannot be changed orally, a subsequent written amendment or modification, as in this case, may be effective if signed by the party against whom enforcement is sought (General Obligations Law § 15-301 [1]; *DFI Communications v Greenberg,* 41 NY2d 602, *rearg denied* 42 NY2d 910). The fact that the original agreement requires that amendments or modifications be signed by *all* of the parties to the original agreement is not dispositive if the evidence, taken as a whole, shows that the amendment was authentic or was otherwise ratified by the parties' conduct *(see, DFI Communications v Greenberg, supra,* at 606; *Bisbing v Sterling Precision Corp.,* 34 AD2d 427; Restatement [Second] of Contracts §§ 209, 210). This issue as well as the issue of whether (or how much of) the plaintiff's claim is time barred involve questions of fact that cannot be resolved on the present record. We find that the amendment to the original agreement, if effective, permits a shareholder to directly claim reimbursement from another shareholder for funds contributed in excess of the claimant's pro rata obligation. Additionally, the plaintiff was not required to plead the occurrence of conditions precedent in his complaint, since it is the defendant's obligation to plead their nonoccurrence *(see,* CPLR 3015 [a]). Accordingly, the defendant's motion was properly denied. Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.