■ In the Matter of MANSHUL CONSTRUCTION CORP., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Edith Miller, J.), entered January 12, 1989, dismissing this CPLR article 78 proceeding in the nature of mandamus unanimously affirmed, without costs.

Petitioner entered into a set of contracts in 1981 to perform construction at six public schools. Three years later, petitioner contracted to perform improvements at a seventh school. Delays were encountered at each of the construction sites. Petitioner prevailed upon the Board of Education to adopt a resolution authorizing an additional $145,000 in compensation on the first six contracts, spread equally among them, and also obtained confirmation from a Board of Education deputy director that an additional $43,000 for "delay damages" would be authorized on the seventh contract. This last authorization never received formal approval by the Board of Education and, in fact, was subsequently rejected by that Board on

advice from the Corporation Counsel. The Board's resolution approving the additional compensation of $145,000 on the first six contracts was not acted upon by the Board of Estimate in the absence of review and approval by the City Comptroller. Petitioner sought to obtain these payments by writ of mandamus, arguing that the Board of Education has sole authority in this area, and that neither the Board of Estimate, the Comptroller nor the Corporation Counsel has any function in vetoing such expenditures.

Capital expenditures by the Board of Education are subject to approval by the Board of Estimate (Education Law § 2590-i [13]; New York City Charter § 222 [a]), especially where the expenditures stem from a construction contract let on public bidding (New York City Charter § 343 [a]). The Comptroller is charged with oversight and is authorized to investigate and to make recommendations concerning the operations, fiscal policies and financial transactions of all city agencies. (New York City Charter § 93 [d]; *Matter of Goldin v Greenberg,* 49 NY2d 566, 568 [1980]; *Manshul Constr. Corp. v Board of Educ.,* 154 AD2d 38.)

Each of the contracts in question contained a "no-damage-for-delay" exculpatory clause, which imposes a heavy burden on the contractor to prove that the delay was due to negligence or misconduct on the part of the municipality. *(Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377, 384-385 [1983].) While a "no-damage-for-delay" clause may still permit recovery for uncontemplated delays, the contractor still bears the burden of demonstrating that the delays were wholly unanticipated. The demonstration of increased cost as a result of delay does not, in and of itself, meet that requirement *(Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297, 313-314 [1986]). Owing to the nature of the work, it cannot be said that the obstacles encountered which occasioned the delay herein were unanticipated *(cf., Blau Mechanical Corp. v City of New York,* 158 AD2d 373). Concur—Sullivan, J. P., Carro, Milonas, Kassal and Smith, JJ.