■ T.J.D. CONSTRUCTION Co., INC., Appellant, v CITY OF NEW YORK, Respondent. [743 NYS2d 111] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 2, 2001, which, in an action for delay damages by a contractor against defendant City, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's argument that the delay caused by defendant's testing and correction of equipment design defects was not contemplated, and that the contract's no-damages-for-delay clause therefore does not apply, is refuted by contract provisions that, as correctly construed by the IAS court, called for the work to be done in two stages and for successful testing between the stages, so that a portion of the plant would always be in operation (*see, Phoenix Contr. Corp. v New York City Health & Hosps. Corp.*, 118 AD2d 477, *lv denied* 68 NY2d 606). Nor is an issue of fact raised as to whether the complained of delay was caused by defendant's bad faith or gross negligence in planning the project and scheduling the work, or that the seven-month delay was so unreasonable as to connote defendant's abandonment of the contract (*see, Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309, 312-313). If anything, the delay connoted an active and good-faith attempt by defendant to rectify defects in the equipment used in the first stage of the upgrade that were first revealed by tests performed in the middle of the contract. Even if defendant should have anticipated such unsatisfactory test results by reason of information it had prior to the contract, and failed to take adequate account thereof, at worst the poor planning and scheduling of which plaintiff complains "amounted to no more than inept administration" within the scope of the no-damages-for-delay clause (*S.N. Tannor, Inc. v A.F.C. Enters.*, 276 AD2d 363, 364). Concur—Williams, P.J., Andrias, Lerner, Rubin and Friedman, JJ.