■ PERMIS CONSTRUCTION CORP. et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. (And a Third-Party Action.) [773 NYS2d 58]—

Order and judgment (one paper), Supreme Court, New York County (Lottie Wilkins, J.), entered March 26, 2003, in this action for breach of contract, which, to the extent appealed from as limited by the briefs, dismissed the complaint as against defendant-respondent New York City Housing Authority, unanimously affirmed, without costs.

Plaintiffs-appellants' contention that the contractor was entitled under the terms of the contract to utilize horizontal

built-up scaffolding instead of hanging scaffolding is unavailing, since the record demonstrates that the contractor, despite having ample time to do so, failed to satisfy its contractual obligation that the former type of scaffolding be designed so as to prevent access to apartment windows. Contrary to appellants' argument, the contract specification on this matter is unambiguous on its face (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Slamow v Del Col*, 79 NY2d 1016, 1018 [1992]).

The contractor was not entitled to any increased costs or compensation for "extra work" when the Housing Authority directed it to use hanging scaffolding, which is the alternative scaffolding method set forth under the contract.

We also note that the contractor's claim, regardless of the label attached to it, amounts to a delay claim that is barred by the no-damages-for-delay clause of the contract (*see Phoenix Contr. Corp. v New York City Health & Hosps. Corp.*, 118 AD2d 477, 479 [1986], *lv denied* 68 NY2d 606 [1986]). Concur—Buckley, P.J., Williams, Lerner and Marlow, JJ.