■ GLORIA DeMATTEO, Appellant, v DeMATTEO SALVAGE CO., INC., et al., Respondents. [821 NYS2d 134]—

In an action, inter alia, for specific performance of two stock purchase agreements, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 8, 2005, as denied those branches of her motion which were for partial summary judgment directing the defendants to pay her the proceeds of certain insurance policies as partial payment for the subject shares of stock.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for partial summary judgment directing the defendants to pay her the proceeds of certain insurance policies as partial payment for the subject stock are granted, the defendants are directed to pay to the plaintiff the proceeds of the subject insurance policies, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings; and it is further,

Ordered that the subject shares of stock in both corporations shall be held in escrow by the plaintiff's attorney pending further proceedings in the Supreme Court, Suffolk County.

This case involves the valuation of and payment for shares in the two corporate defendants owned by the plaintiff's decedent. Both corporations, the defendants DeMatteo Salvage Co., Inc. (hereinafter Salvage), and E & J Holding Corp. (hereinafter E & J), were closely-held entities, owned and controlled for many years by four brothers, including the decedent, who was the plaintiff's husband. Pursuant to two stock purchase agreements, one involving each defendant, upon the death of the decedent, both Salvage and E & J were required to purchase from the plaintiff the shares formerly held by the decedent. The agreements also required each defendant to maintain life insurance policies on the decedent, and use the proceeds to wholly or partially fund the purchase upon the decedent's death.

In its answer, the defendants admitted that Salvage is currently holding $442,350.62 in life insurance proceeds pertaining to the decedent, and that E & J is currently holding such

proceeds in the amount of $311,248.39. Although the plaintiff contends that the shares in her possession are worth, and that she is entitled to be paid, considerably more than those amounts (approximately $1,800,000 in the case of Salvage, and approximately $1,300,000 in the case of E & J), she moved, inter alia, for partial summary judgment directing Salvage and E & J to pay her the proceeds from the insurance policies in their possession. We conclude that the plaintiff demonstrated her entitlement to those proceeds.

Triable issues of fact remain, however, as to the total value of the plaintiff's shares in both corporations. The stock purchase agreements required amendments or modifications to be signed by all of the parties to the agreements, and there are triable issues of fact as to the authenticity of certain amendments alleged by the parties (*see DFI Communications v Greenberg*, 41 NY2d 602 [1977]; *Karel v Clark*, 129 AD2d 773 [1987]). Furthermore, there are triable issues of fact regarding the effect to be given the March 10, 1992 minutes of Salvage's and E & J's Special Board of Directors/Stockholders meetings. Thus, we remit the matter to the Supreme Court, Suffolk County, for resolution of those issues, and the plaintiff's shares in the corporations shall be held in escrow by the plaintiff's attorney pending further proceedings in the Supreme Court, Suffolk County. Miller, J.P., Adams, Skelos and Covello, JJ., concur.