■ FOWLER, RODRIGUEZ, KINGSMILL, FLINT, GRAY & CHALOS, LLP, Appellant, v ISLAND PROPERTIES, LLC, Respondent. [833 NYS2d 146]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 28, 2005, as granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of a commercial lease and, in effect, for summary judgment on so much of the counterclaim as sought to recover attorneys' fees, and (2) an order of the same court dated November 23, 2005, which determined that the defendant was entitled to the sum of $75,000 in attorneys' fees.

Ordered that the order dated September 28, 2005 is reversed insofar as appealed from, on the law, and those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of a commercial lease and for summary judgment on so much of the counterclaim as sought to recover attorney's fees are denied; and it is further,

Ordered that the order dated November 23, 2005 is reversed, on the law; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In May 1999 the plaintiff's predecessor in interest, the Chalos Law Firm, LLC (hereinafter the Chalos Firm), entered into a written lease with the defendant for office space on the third floor of a commercial building (hereinafter the original lease). In August 2000 the Chalos Firm, in need of room for expansion, entered into a lease with the defendant for additional office

space at an adjacent building (hereinafter the second lease). Pursuant to the second lease, the defendant agreed, inter alia, to make substantial improvements, including the construction of an enclosed pedestrian walkway connecting the two properties at the third floor. The term of the second lease was to commence on October 1, 2000, or the date of "substantial completion" of the promised improvements, which was to be determined "at Landlord's sole discretion."

In March 2002 the plaintiff commenced this action, inter alia, to recover damages for breach of the second lease. The plaintiff alleged that, despite due demand, the defendant had failed to timely complete the promised improvements, making occupancy of the additional space impossible, and, in effect, requiring relocation of the Chalos Firm and vacatur of existing leased space.

The defendant answered and moved for summary judgment, inter alia, dismissing the complaint. The defendant noted that section 24 of the second lease exculpated it from all damages arising from a delay in giving possession. In this respect, the defendant asserted that significant unforeseen delays had arisen due to "serious structural problems" with the subject properties, which were revealed only during demolition, and by "a multitude of other problems." The defendant also moved for summary judgment on its counterclaim which, among other things, sought an award of attorneys' fees. Section 19 of the original lease provided for an award of such fees incurred in "instituting, prosecuting or defending" an action or proceeding occasioned by a default. Section 19 of the second lease is virtually identical to section 19 of the original lease and also provides for an award of attorneys' fees under the same circumstances.

In opposition, the plaintiff asserted, among other things, that the defendant had ceased making the promised improvements because it determined that the costs would be more than it initially anticipated, particularly as to the construction of a pedestrian walkway connecting the two buildings at the third floor. Thus, the plaintiff argued that the defendant's conduct did not constitute a mere delay in making the promised improvements, but a total repudiation of the second lease. Indeed, the plaintiff noted, the promised improvements were not completed when it vacated the premises in July 2003, almost three years after the target date for occupancy of the additional space.

By order dated September 28, 2005, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of the second lease and, in effect,

for summary judgment on so much of the counterclaim as sought to recover attorneys' fees. By order dated November 23, 2005, the Supreme Court determined that the defendant was entitled to the sum of $75,000 in attorneys' fees. The plaintiff appeals from both of these orders and we reverse.

A clause which exculpates a contractee from liability to a contractor for damages resulting from delays in the performance of the latter's work is valid and enforceable, and is not contrary to public policy, if the clause and the contract of which it is a part satisfy the requirements for the validity of contracts generally (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297 [1986]; *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 381 [1983]; *Noble Thread Corp. v Vormittag Assoc.*, 305 AD2d 386, 387 [2003]). However, this rule is not without exceptions, and "even exculpatory language which purports to preclude damages for all delays resulting from any cause whatsoever are not read literally" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d at 309). Generally, even with such a clause, damages may be recovered for: (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract (*see id.*). Here, the defendant failed to demonstrate, prima facie, that none of these exceptions are present, and that an award of damages to the plaintiff is precluded by the exculpatory clause of the second lease. Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of the second lease and for summary judgment on so much of the counterclaim as sought to recover attorneys' fees. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.