■ Blue Water Environmental, Inc., Appellant-Respondent, v Incorporated Village of Bayville, New York, Respondent-Appellant. [843 NYS2d 681]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated June 14, 2006, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover the cost of alleged extra work and delay damages consisting of lost profits, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover delay damages consisting of out-of-pocket expenses, and granted the plaintiff's cross motion for summary judgment dismissing the defendant's fifth affirmative defense sounding in fraud.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover delay damages consisting of out-of-pocket expenses and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting the plaintiff's cross motion for summary judgment dismissing the defendant's fifth affirmative defense sounding in fraud and substituting therefor a provision denying the cross motion as academic; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant.

The plaintiff Blue Water Environmental, Inc. (hereinafter Blue Water) entered into a contract with the defendant Incorporated Village of Bayville, New York, inter alia, to dredge the Village's marina. Annexed to the contract was a copy of the Village's dredging permit from the New York State Department of Environmental Conservation (hereinafter NYSDEC), which prohibited dredging from June 1 to September 30 of each year "to protect spawning shellfish." Due to delays caused by freezing weather in January and part of February 2004, the belief of the Village and/or its engineer that an additional permit was required from the United States Army Corps of Engineers, and a decision by NYSDEC to modify the Village's dredging permit to prohibit

dredging as of April 13, 2004, rather than June 1, 2004, Blue Water was compelled to stop work on March 24, 2004. It did not resume its dredging operations until October 2004.

Blue Water commenced this action to recover, inter alia, out-of-pocket expenses allegedly incurred by the delay in the project, alleged lost profits resulting from the delay, and the cost of certain work which it claimed was extra work not included in the contract price. After issue was joined, the Village moved for summary judgment on the grounds that the parties' contract contained a "no claim for delay" clause and that the alleged extra work was in fact included in the contract price. Blue Water cross-moved for summary judgment dismissing the Village's fifth affirmative defense sounding in fraud.

The Supreme Court granted that branch of the Village's motion which was for summary judgment dismissing the cause of action to recover lost profits allegedly caused by the delay, holding that such damages were speculative. The court also granted that branch of the Village's motion which was for summary judgment dismissing the cause of action to recover the cost of certain work which Blue Water claimed was extra work not included in the contract price, based upon the Village engineer's determination that the work was included in the contract price. The Supreme Court denied that branch of the Village's motion which was for summary judgment dismissing the cause of action to recover out-of-pocket expenses allegedly incurred as a result of a delay in the project, finding that there was an issue of fact as to whether the delay caused by NYSDEC's imposition of restrictions on the dredging permit was within the contemplation of the parties. The court granted Blue Water's cross motion for summary judgment dismissing the Village's fifth affirmative defense sounding in fraud. We modify.

The "no claim for delay" clause of the parties' contract exculpated the Village from liability for damages resulting from delays "in commencement, performance or completion of the Contract, regardless of whether said delays are, or may be caused by the Owner, Engineer or any governmental agency." That provision was valid and enforceable and was not contrary to public policy (see *Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]).

"[E]ven with such a clause, damages may be recovered for: (1) delays caused by . . . bad faith or . . . willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the

contract" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d at 309; *see Fowler, Rodriguez, Kingsmill, Flint, Gray & Chalos, LLP v Island Props., LLC*, 38 AD3d 831 [2007]). A "no damages for delay" clause applies to delays which are "reasonably foreseeable, arise from the contractor's work itself during performance, or others specifically mentioned in the contract" (*Peckham Rd. Co. v State of New York*, 32 AD2d 139, 141 [1969], *affd* 28 NY2d 734 [1971]).

On a motion for summary judgment, a defendant seeking to dismiss a cause of action to recover damages arising from a delay bears the initial burden of demonstrating prima facie that none of the exceptions to the "damages for delay" clause are present (*see Fowler, Rodriguez, Kingsmill, Flint, Gray & Chalos, LLP v Island Props., LLC*, 38 AD3d 831, 833 [2007]). The Village met that burden by demonstrating that the delay was caused by several factors, including foreseeable winter weather which caused the creek adjacent to the marina to freeze, Blue Water's own conduct, and decisions made by entities specifically mentioned in the contract, to wit, the owner and/or engineer, and a governmental agency. In response, Blue Water failed to raise a triable issue of fact as to whether the delays were "wholly unanticipated" (*Matter of Manshul Constr. Corp. v Board of Educ. of City of N.Y.*, 160 AD2d 643, 644 [1990]), or resulted from willful interference with its work, bad faith, or gross negligence (*see Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 384-385 [1983]; *T.J.D. Constr. Co. v City of New York*, 295 AD2d 180 [2002]; *M.D. Lundin Co. v Board of Educ. of City of N.Y.*, 68 AD2d 881 [1979]). There is no exception for delays resulting from inept administration, as distinguished from willful interference (*see T.J.D. Constr. Co. v City of New York*, 295 AD2d 180 [2002]; *S.N. Tannor, Inc. v A.F.C. Enters.*, 276 AD2d 363, 364 [2000]; *Martin Mech. Corp. v Carlin Constr. Co.*, 132 AD2d 688 [1987]). Extra work caused by the delay falls within the category of damages for delay (*see Harrison & Burrowes Bridge Constructors, Inc. v State of New York*, 42 AD3d 779 [2007]). The Supreme Court's determination that there is an issue of fact as to whether the delay was within the contemplation of the parties is not supported by the record (*see Grace Indus., Inc. v New York City Dept. of Transp.*, 22 AD3d 262 [2005]). Accordingly, pursuant to the terms of the contract, Blue Water is not entitled to any damages arising from the delay in completing the project.

Moreover, where, as here, an agreement clearly and unambiguously indicates that a determination as to what work is to be performed pursuant to the contract is to be made by an engineer,

that engineer's determination is conclusive unless the party challenging the determination is able to show the existence of fraud, bad faith, or palpable mistake (*see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 463 [2006]; *Tufano Contr. Corp. v Port of N.Y. Auth.*, 18 AD2d 1001 [1963], *affd* 13 NY2d 848 [1963]). In this case, Blue Water, in opposition to the Village's showing that its engineer determined that certain work was included in the contract, failed to raise an issue of fact as to whether the engineer's determination should not be deemed conclusive. Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing Blue Water's cause of action to recover the cost of alleged extra work.

In light of our determination that the Village was entitled to summary judgment dismissing the remaining cause of action, Blue Water's cross motion for summary judgment dismissing the Village's fifth affirmative defense sounding in fraud should have been denied as academic.

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur. [*See* 12 Misc 3d 1169(A), 2006 NY Slip Op 51123(U) (2006).]