The defendants waived their right to conduct an additional physical examination of the injured plaintiff when they failed to move to vacate the note of issue within 20 days after service of the note of issue and the certificate of readiness (*see* 22 NYCRR 202.21 [e]; *James v New York City Tr. Auth.*, 294 AD2d 471, 472 [2002]; *Schenk v Maloney*, 266 AD2d 199, 200 [1999]; *Gill v United Parcel Serv.*, 249 AD2d 265, 266 [1998]). While the Supreme Court may, in its discretion, grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that "unusual or unanticipated circumstances" developed subsequent to the filing requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; *see James v New York City Tr. Auth.*, 294 AD2d at 472; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]), here, the defendants failed to establish any unusual or unanticipated circumstances subsequent to the filing of the note of issue and certificate of readiness that would warrant an additional physical examination of the injured plaintiff (*see* 22 NYCRR 202.21 [d]; *James v New York City Tr. Auth.*, 294 AD2d at 472). Accordingly, that branch of the defendants' motion which was to compel an additional physical examination of the injured plaintiff should have been denied. Skelos, J.P., Florio, Balkin and Belen, JJ., concur.

■ MARIC MECHANICAL, INC., Appellant, v DORMITORY AUTHORITY OF STATE OF NEW YORK, Respondent. [879 NYS2d 583]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated February 19, 2008, as granted the defendant's motion for summary judgment dismissing the third cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contractor's third cause of action alleged that the defendant breached the parties' contract by failing to timely terminate another contractor and by failing to properly coordinate the construction project, resulting in contract delays. On its motion for summary judgment, the defendant met its prima facie burden of establishing that the damages sought by the

plaintiff are barred by the no-damage-for-delay exculpatory clause of the parties' contract (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of any of the exceptions to the contractual bar (*id.*; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the defendant's motion. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.

■ PAUL McFADDEN, Appellant, v BOH S. LEE et al., Respondents. [880 NYS2d 311]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered May 29, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2004 the plaintiff, a self-employed painter, performed certain interior painting and wallpapering for the defendants at their one-family home in Port Washington. Thereafter, at the request of the defendant Jennifer R. Lee (hereinafter Mrs. Lee), the plaintiff agreed to paint the exterior of the defendants' home. During the course of the exterior painting project, the plaintiff allegedly was injured when he fell from an aluminum extension ladder. According to the plaintiff, the defendants owned the ladder and Mrs. Lee gave him permission to use it, but at some point she expressed concern that the ladder was damaging the aluminum siding of the defendants' house immediately above a window. In response, the plaintiff decided to position the top of the ladder underneath the aluminum base of