Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 20, 2009, which, in an action to, inter *598 alia, recover an unpaid contract balance and payment for extras, denied plaintiff’s motion for partial summary judgment and granted defendant’s cross motion for summary judgment to the extent of dismissing plaintiffs demand for extra payment for losses it sustained by being compelled to work on weekends, unanimously affirmed, without costs.
The New York City Department of Sanitation entered into a contract with nonparty Rapid Demolition Company, Inc. to demolish several structures. Defendant acted as surety on the project, assuring the project’s completion. Rapid subsequently defaulted on the contract and defendant entered into a contract with plaintiff to complete the demolition work, which included the demolition of a large concrete overpass. Requests were made to the New York City Department of Transportation (DOT) to close the subject street for a period of three weeks. DOT did not grant the closure of the street for the three weeks requested, but instead allowed the street to be closed only on weekends.
The motion court properly found that plaintiff was not entitled to payment for extra costs it incurred as a result of the DOT’s denial of its request to completely close the subject street for three weeks. The contract made no mention of the street closure, nor was plaintiffs timely completion of the demolition made conditional upon such closure. Furthermore, the grant of such closure was not implicit in the agreement (cf. Anders v State of New York, 42 Misc 2d 276, 282-284 [1964]), and the denial of same, with the resulting limitation on the hours in which work could take place, cannot be considered an unforeseeable circumstance (see Peckham Rd. Co. v State of New York, 32 AD2d 139 [1969], affd 28 NY2d 734 [1971]).
Finally, the contract balance retained in escrow is subject to disputed claims of backcharges that cannot be resolved on this appeal.
We have considered plaintiffs remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.