◼ GLORIA DEMATTEO, Appellant-Respondent, v DEMATTEO SALVAGE CO., INC., et al., Respondents-Appellants. [935 NYS2d 326]—

This case involves the valuation of and payment for shares of stock in the two corporate defendants that had been owned by the plaintiff's decedent (see *DeMatteo v DeMatteo Salvage Co., Inc.*, 32 AD3d 817 [2006]). In an order dated July 2, 2009, following a valuation of the shares conducted in 2003, and following a framed-issue hearing to determine the parties' intent in adopting a corporate resolution on April 25, 2000, relating to the valuation of the shares, the Supreme Court determined that the resolution—which designated the defendants' corporate accountant, Paul Iadanza, as the person who was to evaluate the shares of the stock and report his valuation to the parties—was controlling. In that order, the Supreme Court also directed the preparation of a second valuation report to determine the value of the shares as of April 2000. Thereafter, the Supreme Court entered a judgment adopting figures contained in Iadanza's new valuation report, but did not apply certain discounts which the parties do not dispute were considered, described, and articulated in the report.

We agree with the defendants' contention that the Supreme Court erred in calculating the value of the shares in one of the defendant corporations, in that the Supreme Court failed to consider certain discounts that were to be applied to account for that defendant's "lack of control" over the shares of stock and the "lack of marketability" of the shares of stock. Accordingly, the defendants correctly argue that the value of each of those shares was not $12,379, but $8,665.30, and we modify the judgment to reflect the proper valuation.

We decline to reach, in the exercise of our discretion, the plaintiff's argument that the judgment incorrectly relies on the new valuation report and that, pursuant to the resolution dated April 25, 2000, the parties did not intend to be bound by that report. The plaintiff previously appealed from the order dated

July 2, 2009, which made findings as to the intent of the parties, and her appeal was dismissed by decision and order on motion of this Court dated August 4, 2010, for failure to prosecute in accordance with the rules of this Court. The dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (*see Bray v Cox,* 38 NY2d 350 [1976]; *Auriemmo v Auriemmo,* 87 AD3d 1090 [2011]).

The parties' remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Sgroi, JJ., concur.