AURORA CONTRACTORS, INC., Respondent, v WEST BABYLON PUBLIC LIBRARY, Appellant, et al., Defendants. [968 NYS2d 545]—

In an action, inter alia, to recover damages for breach of contract, the defendant West Babylon Public Library appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 21, 2011, as denied those branches of its motion which were for summary judgment dismissing the first cause of action, or, in the alternative, for summary judgment dismissing so much of the first cause of action as, in effect, sought to recover damages incurred as a result of an alleged delay in the performance of the contract based upon its alleged failure to secure access to an adjacent *property* which was necessary for the completion of the plaintiff's work under the contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendant West Babylon Public Library (hereinafter the Library) which was for summary judgment dismissing the first cause of action on the ground that the plaintiff was required to serve a notice of claim pursuant to Education Law § 3813 (1). The notice of claim requirements of Education Law § 3813 (1) apply to actions or proceedings involving, inter alia, property owned by a school district, claims against school districts, and claims "involving the rights or interests of any

district" (Education Law § 3813 [1]). Here, the Library failed to establish, prima facie, that the plaintiff's claims against it involve property owned by the West Babylon Union Free School District (hereinafter the School District), or relate to the rights or interests of the School District (*cf. Bovich v East Meadow Pub. Lib.*, 16 AD3d 11 [2005]). Thus, the Library failed to show that the plaintiff was required to serve a notice of claim under Education Law § 3813 (1) prior to commencing this action against the Library.

The Supreme Court also properly denied that branch of the Library's motion which was, in the alternative, for summary judgment dismissing so much of the first cause of action as, in effect, sought to recover damages incurred as a result of an alleged delay in the performance of the contract based upon its alleged failure to secure access to an adjacent property which was necessary for the completion of the plaintiff's work under the contract. The Library argued that recovery for those damages was barred by a no-damage-for-delay exculpatory clause in the parties' contract. "A clause which exculpates a contractee from liability to a contractor for damages resulting from delays in the performance of the latter's work is valid and enforceable and is not contrary to public policy if the clause and the contract of which it is a part satisfy the requirements for the validity of contracts generally" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]; *see Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 384 [1983]; *Fowler, Rodriguez, Kingsmill, Flint, Gray & Chalos, LLP v Island Props., LLC*, 38 AD3d 831, 833 [2007]). However, "even with such a clause, damages may be recovered for: (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d at 309; *see Blue Water Envtl., Inc. v Incorporated Vil. of Bayville, N.Y.*, 44 AD3d 807, 809-810 [2007]; *Fowler, Rodriguez, Kingsmill, Flint, Gray & Chalos, LLP v Island Props., LLC*, 38 AD3d at 833).

Here, the Library met its prima facie burden of establishing that the damages sought by the plaintiff as a result of an alleged delay in the performance of the contract, based upon the Library's alleged failure to secure access to an adjacent property which was necessary for the completion of the plaintiff's work, are barred by the no-damage-for-delay exculpatory clause of the

parties' contract (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d at 297; *New York Trenchless, Inc. v Hallen Constr. Co., Inc.*, 82 AD3d 850, 851-852 [2011]; *Maric Mech., Inc. v Dormitory Auth. of State of N.Y.*, 62 AD3d 965, 965-966 [2009]). However, in opposition, the plaintiff raised a triable issue of fact as to whether an exception to the enforcement of the no-damage-for-delay clause applies (*see Fehlhaber Corp. v State of New York*, 65 AD2d 119, 125-126 [1978]).

The Library's remaining contention is without merit. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur. ■