Ecoline, Inc. v Heritage Air Sys., Inc. (2018 NY Slip Op 03662)





Ecoline, Inc. v Heritage Air Sys., Inc.


2018 NY Slip Op 03662


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-06532
 (Index No. 36610/09)

[*1]Ecoline, Inc., etc., appellant, 
v
Heritage Air Systems, Inc., et al., respondents.


Kalavesios & Choudhry, PLLC, Brooklyn, NY (Kiren Choudhry, Susan R. Nudelman, and Daniel A. Fried of counsel), for appellant.
Murtagh, Cohen & Byrne, Rockville Centre, NY (Edward T. Byrne of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated April 9, 2015. The order granted the defendants' motion for summary judgment dismissing so much of the first cause of action as sought, in paragraph 11 of the amended complaint, to recover payment for excess labor and materials, and searched the record and awarded the defendants summary judgment dismissing so much of the first cause of action as sought, in paragraphs 8, 9, 10, 12, and 13 of the amended complaint, to recover an unpaid contract balance and payment for change orders.
ORDERED that the order is modified, on the law, by deleting the provision thereof searching the record and awarding the defendants summary judgment dismissing so much of the first cause of action as sought, in paragraphs 8, 9, 10, 12, and 13 of the amended complaint, to recover an unpaid contract balance and payment for change orders; as so modified, the order is affirmed, without costs or disbursements.
The defendants' motion for partial summary judgment sought only dismissal of so much of the first cause of action as sought, in paragraph 11 of the amended complaint, to recover payment for "excess labor and materials" provided by the plaintiff pursuant to a contract between the parties. The defendants did not seek summary judgment dismissing the remainder of the first cause of action, which sought to recover an unpaid contract balance and payment for change orders, and no evidence was submitted to support dismissal of those portions of the amended complaint. Accordingly, the Supreme Court should not have searched the record and awarded the defendants summary judgment dismissing so much of the first cause of action as sought, in paragraphs 8, 9, 10, 12, and 13 of the amended complaint, to recover an unpaid contract balance and payment for change orders (see East End Cement & Stone, Inc. v Carnevale, 73 AD3d 974, 976; Whitman Realty Group, Inc. v Galano, 52 AD3d 505, 506).
We agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing so much of the first cause of action as sought, in paragraph 11 of the amended complaint, to recover payment for excess labor and materials provided by the plaintiff. The defendants established their prima facie entitlement to judgment as a matter of law by [*2]submitting documentary evidence demonstrating that the monies sought by the plaintiff arose out of delays on a project and were barred by the no-damages-for-delay exculpatory clause in the parties' contract (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309; Maric Mech., Inc. v Dormitory Auth. of State of N.Y., 62 AD3d 965, 965-966; see also Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 384). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of any exception to this contractual bar (see Maric Mech., Inc. v Dormitory Auth. of State of N.Y., 62 AD3d at 966; see also Zuckerman v City of New York, 49 NY2d 557, 562).
In light of our determination, we need not reach the plaintiff's remaining contentions.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court