Arnell Constr. Corp. v New York City Sch. Constr. Auth. (2019 NY Slip Op 07887)





Arnell Constr. Corp. v New York City Sch. Constr. Auth.


2019 NY Slip Op 07887


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-11259
 (Index No. 712005/17)

[*1]Arnell Construction Corporation, appellant, 
v
New York City School Construction Authority, respondent.


Forchelli Deegan Terrana LLP, Uniondale, NY (David A. Loglisci of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Daniel Matza-Brown of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered July 31, 2018. The order granted the defendant's motion, in effect, pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion, in effect, pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff commenced this action to recover damages for delays in a school construction contract, alleging that the defendant created unanticipated and unforeseen disruptions to the plaintiff's work, causing the plaintiff to incur substantial additional costs. The defendant made a pre-answer motion, in effect, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint on the grounds that the parties' contract contained a "no damages for delay" clause which prevented recovery of purported damages arising from an alleged delay, and the plaintiff failed to give timely notice of the condition causing the delay, as required by the parties' contract. In support of the motion, the defendant submitted, among other things, a two-page excerpt of the general conditions of the parties' contract, which contained a no-damages-for-delay exculpatory clause that also required the contractor to give two days' notice of any delay in order to obtain a change in the schedule. In the order appealed from, the Supreme Court granted the motion, concluding that the complaint failed to allege sufficient facts to establish that the delays at issue were uncontemplated by the parties, so unreasonable that they constituted an intentional abandonment of the contract, resulted from the defendant's breach of a fundamental obligation of the contract, or evinced bad faith or gross negligence on the defendant's part. The court also faulted the plaintiff with failing to allege that it had complied with the two-day notice provision set forth in the general conditions to the contract. The plaintiff appeals.
Generally, contract clauses barring a contractor from recovering damages for delay in the performance of a contract are valid, and "they will prevent recovery of damages resulting from a broad range of reasonable and unreasonable conduct by the contractee if the conduct was contemplated by the parties when they entered into the agreement" (Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 305). However, "[i]t has been settled for some time that [*2]exculpatory clauses will not bar claims resulting from delays caused by the contractee if the delays or their causes were not within the contemplation of the parties at the time they entered into the contract" (id. at 309-310; see Peckham Rd. Co. v State of New York, 32 AD2d 139, 141, affd 28 NY2d 734). "Thus, even broadly worded exculpatory clauses . . . are generally held to encompass only those delays which are reasonably foreseeable, arise from the contractor's work during performance, or which are mentioned in the contract" (Corinno Civetta Constr. Corp. v City of New York, 67 NY2d at 310; see Peckham Rd. Co. v State of New York, 32 AD2d at 141). "A no-damage-for-delay clause must be construed strictly against the drafter of the provision" (Forward Indus. v Rolm of N.Y. Corp., 123 AD2d 374, 376). Furthermore, even where the parties' contract contains such an exculpatory clause and the delay at issue was contemplated therein, damages may be recovered for delays which: were caused by the contractee's bad faith or willful, malicious, or grossly negligent conduct; were so unreasonable that they constitute an intentional abandonment of the contract by the contractee; or resulted from the contractee's breach of a fundamental obligation of the contract (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d at 309; Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 384-386).
On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141; Leon v Martinez, 84 NY2d 83, 87-88). Here, the allegations in the complaint sufficiently stated a cause of action of action to recover damages for breach of contract by reason of the defendant's alleged delays and obstruction of the plaintiff's performance of the contract (cf. Peckham Rd. Co. v State of New York, 32 AD2d at 141). Contrary to the Supreme Court's determination, the plaintiff was not required to anticipate the defense that its claims were barred by the no-damage-for-delay clause of the parties' contract and plead the exceptions thereto (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d at 319). Further, "[t]he performance or occurrence of a condition precedent in a contract need not be pleaded" (CPLR 3015[a]; see Allis-Chalmers Mfg. Co. v Malan Constr. Corp., 30 NY2d 225, 232-233). Therefore, the plaintiff was not required to plead compliance with the two-day notice provision (see Karel v Clark, 129 AD2d 773).
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63; Leon v Martinez, 84 NY2d at 88). The defendant's documentary evidence failed to conclusively establish the defense that the plaintiff's cause of action was barred by the no-damage-for-delay clause of the parties' contract, as a matter of law. In support of its motion, the defendant merely relied upon the existence of the exculpatory clause of the parties' contract, without attempting to establish that the delays alleged in the complaint were contemplated by the parties at the time that they entered into the contract. The existence of the exculpatory clause, standing alone, was insufficient to establish the defense as a matter of law (cf. Corinno Civetta Constr. Corp. v City of New York, 67 NY2d at 319; Blue Water Envtl., Inc. v Incorporated Village of Bayville, N.Y., 44 AD3d 807, 810; Fowler, Rodriguez, Kingsmill, Flint, Gray & Chalos, LLP v Island Props., LLC, 38 AD3d 831, 833).
Contrary to the defendant's contention, the plaintiff's failure to notify the defendant, in writing, within two days, of any alleged delay or disruption would not bar the plaintiff from seeking damages for the alleged delay. The plain terms of the subject clause of the parties' contract provide that the consequence of such a failure is denial of a request for a schedule change. Furthermore, the documentary evidence submitted by the defendant in support of its motion did not conclusively establish that the plaintiff failed to comply with the subject provision of the parties' agreement (see Eisner v Cusumano Constr., Inc., 132 AD3d 940, 942; Renaissance Equity Holdings, LLC v Al-An El. Maintenance Corp., 121 AD3d 661, 663).
Accordingly, the Supreme Court should have denied the defendant's motion, in effect, [*3]pursuant to CPLR 3211(a) to dismiss the complaint.
The defendant's remaining contentions, raised for the first time on appeal, are not properly before this Court (see Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692; Noy v Noy, 160 AD3d 885, 887).
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court