■ NORELLI & OLIVER CONSTRUCTION CO., INC., Respondent, v. STATE OF NEW YORK et al., Appellants. (Claim No. 43893.) — GIBSON, P. J. Appeal by the State from a judgment of the Court of Claims which awarded damages for the breach of a contract between claimant and Taconic State Park Commission (hereinafter referred to as the State) for the construction by claimant of a swimming pool and related facilities at Mohansic State Park. The award of $539 upon claimant's third cause of action and that of $1,650 upon its fifth cause of action are sustained by the record and will not be further discussed. The remaining award was of $75,965.57 upon claimant's second cause of action, predicated on certain alleged contractual misrepresentations, largely with respect to the site, and the State's alleged failure to enforce the plumbing contractor's obligations under its contract. At the time the contract in suit was entered into, the State made related contracts with other contractors, as required by section 135 of the State Finance Law, these including the Camarco contract for clearing the site and completing certain drainage work before the other contractors entered the area, and the Ricci contract for the plumbing work at the swimming pool and filter building. The Court of Claims found that claimant was damaged in the amount of the award by "extraordinary" delays encountered in the performance of its work, by reason of the failure of the State to reasonably advance, and to compel the performance of the contract work of Camarco and Ricci, according to the terms of their and claimant's contracts and the co-ordinated progress schedules. The result of the delays found was to cause increased costs, including those incurred by the extension of the work through the winter months. Claimant argues for affirmance upon the authority of our decision in *Forest Elec. Corp.* v. *State of New York* (30 A D 2d 905). The arguments of both parties proceed on the premise that the standard contract form provisions exempting the State from damage claims based on delay are not effective to save the State from liability on account of extraordinary delays for which it may be responsible. This was our conclusion in *Forest* (*supra*). In the case before us, claimant's computation of delay begins with the scheduled commencement date of January 2, 1962, but work could not have been started in any event prior to the State Comptroller's approval of the contract on January 16. Although the record does not seem to us to sustain the finding that the State was responsible for the delay of Camarco, the site contractor, nevertheless, and at most, the uncleared site was responsible for delay only from January 22 to February 1, a delay neither extraordinary nor unreasonable. It is clear that claimant's work was prevented in February and into March by conditions of

weather and that thus, at the outset, there was delay of from two to two and one-half months for which the State was not responsible and which would alone carry the contemplated end of the construction period into the 1962–1963 winter months with the concurrent increased costs that claimant seeks to recoup from the State. The weight of the evidence does not support the theory of the State's responsibility for additional delay caused by the State's requiring claimant to construct 50 feet of pipeline, for which claimant was paid; nor does it support the finding that the State was responsible for the site contractor's delay in installing a drop inlet or establish that particular delay as extraordinary or as not reasonably to be contemplated under all the circumstances, including weather. The question of the State's responsibility for the delays of the plumbing contractor, Ricci, presents more difficulty. Ricci did not have enough men on the job and did have considerable trouble, probably of its own making, with material suppliers. Quite different from its inaction in *Forest* (*supra*), however, were the State's sustained efforts and pressures here. This seems to be recognized by the trial court and perhaps by claimant; but the court found, and claimant argues, that the State should have gone further and terminated the plumbing contract. It seems quite clear, however, that in the case of this short-term contract the work would not have been further expedited or claimant's position bettered by the State's either negotiating a new plumbing contract or calling upon Ricci's surety to complete the work. The State did, indeed, at a conference in July, 1962, give consideration to canceling Ricci's contract; but the conferees decided against that course when it was determined that such action would cause additional delay of two to three months in getting a new contractor on the job plus an additional period or " lead time " — apparently of some months — for ordering supplies, and that during all of these periods there would, of course, be no plumbing work, and other contractors, such as claimant, would still be held up. At a meeting next day, Ricci's supplier promised deliveries and thus the State concluded that " there would be no point in cancelling Ricci's contract." The State gave consideration, also, to requiring the bonding company to complete the work, but decided that whether, in such case, the bonding company should attempt to put a new contractor on the job or whether it should have Ricci continue with the work, there would be no betterment of the delay problem. We cannot fault the State's decision either as to Ricci or his surety and we perceive no reasonable basis for a finding that the State was guilty of more than a nonactionable error of judgment, if of that. Claimant has not sustained " the heavy burden of showing that no possible exercise of reasonable judgment or fair dealing with the [plumbing] contractor would have excused the [State] from imposing the penalty." (*Tippetts-Abbett-McCarthy-Stratton* v. *New York State Thruway Auth.*, 18 A D 2d 402, 404, affd. 13 N Y 2d 1091.) Judgment modified, on the law and the facts, so as to reduce the award to $2,189, and appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.