■ GOTTLIEB CONTRACTING, INC., Respondent, v CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, New York County (Graves, J.), entered on September 24, 1980, awarding plaintiff $35,808.24 after trial without a jury, unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed. After competitive bidding plaintiff was awarded the electrical contract in connection with the rehabilitation of the Hamilton Grange Branch Library, a landmark building located on 145th Street in Manhattan. The contract price was $127,480. The contract contained exculpatory clauses which, in essence, absolved the city from any liability for damages suffered by the contractor if delayed in the performance of its work by any act or omission of the city or any other contractor having a contract with the city for the performance of work upon the site. The project was to be completed no later than July 21, 1974. As a result of delays, however, plaintiff was unable to

finish until July 31, 1975. The work was not accepted until February, 1976. Work which should have been performed in 3,100 man hours took 4,200 man hours. Plaintiff commenced this action against the city for the recovery of damages allegedly incurred by reason of the delays in completing its work. Plaintiff contends that these delays were caused solely by the city's failure to make suitable work sites available, to procure performance by the other contractors according to schedule, to provide adequate plans and specifications, and to supervise and co-ordinate the project properly; and by the city's issuance of excessive change orders to the other prime contractors upon whose work progress plaintiff's performance depended. The city interposed the exculpatory clauses as affirmative defenses. Trial Term held the city liable for plaintiff's delay damages, notwithstanding the exculpatory provisions in the contract, and despite its finding that "the City may not have actively or wrongfully interfered with plaintiff's work". The complaint should have been dismissed. The rule in this State is that "[i]f the delay or obstruction is within the contemplation of the parties at the time the contract is entered into the 'no damage' clause will be valid and enforceable unless the delay was caused by conduct constituting active interference with the contractor's performance". (*Peckham Road Co. v State of New York*, 32 AD2d 139, 141-142, affd 28 NY2d 734; see *Cauldwell-Wingate Co. v State of New York*, 276 NY 365, at p 375.) On this record it is clear to us that all of the delay, except for a 10-week period chargeable to plaintiff, was the result of the other prime contractors' inaction, faulty performance and defaults under their contracts, types of delay which are precisely within the contemplation of the exculpatory clauses. Since the delays complained of were within the contemplation of the parties at the time the contract was entered and since the delay was not, as Trial Term properly found, caused by the active interference of the city, plaintiff's delay damage claims against it are barred. Concur — Sullivan, J. P., Ross, Carro, Silverman and Bloom, JJ.