(January 17, 1985)

■ CORINNO CIVETTA CONSTRUCTION CORP., Respondent, v CITY OF NEW YORK, Appellant. — Order, Supreme Court, Bronx County (Fusco, J.), entered December 19, 1983, denying defendant city's motion for partial summary judgment dismissing plaintiff's third cause of action, reversed, on the law, with costs and disbursements, and the motion granted.

The issue presented on this appeal is whether plaintiff's allegations of damages sustained as a result of construction delays caused by the city set forth a sustainable cause of action in light of the ruling by the Court of Appeals in *Kalisch-Jarcho, Inc. v City of New York* (58 NY2d 377). We hold that they do not.

In September, 1979, plaintiff Corinno Civetta Construction Corp. entered into a contract with the City of New York for the reconstruction and installation of a sewer under the west side of Central Park in the area of West 61st Street. The contract price was $207,061. Construction was to be completed within 100 consecutive calendar days after commencement. Because of various factors the work was not completed until December, 1980, over a year after commencement.

Plaintiff commenced this action to recover, *inter alia,* damages in the amount of $162,343 allegedly resulting from actions by the city which delayed the project. Plaintiff alleges that the city interfered with plaintiff's work, failed to perform its own work in a punctual manner, failed to provide accurate working plans, and failed to coordinate the project in such a manner that the plaintiff was forced to work outside of the normal sequence of construction.

The city contends that the contract prohibits plaintiff from asserting any claim for damages incurred as a result of alleged delays. Article 13 of the contract provides: "The Contractor agrees to make no claim for damages for delay in the performance of this contract occasioned by any act or omission to act of the City or any of its representatives, and agrees that any such claim shall be fully compensated for by an extension of time to complete performance of the work as provided herein." An identical "no-damage-for-delay" clause, which is commonly included in city construction contracts, was held by the Court of Appeals to bar recovery for economic injury absent a showing that "the city's conduct [causing delay] amounted to gross negligence" or was motivated by bad faith or maliciousness (*Kalisch-Jarcho, Inc. v City of New York, supra,* at p 385).

The delays alleged by plaintiff result primarily from obstructions and subsurface conditions encountered after construction had begun. Work on the sewer was halted when a Transit Authority staircase and outflow connections for the Gulf and Western building were uncovered. The problems posed by these obstacles were exacerbated by a previously unknown soil condition which necessitated the underpinning of the entire length of the construction site. The city made prompt, diligent efforts to remedy these obstructions. Furthermore, contract provisions notified plaintiff that the subsurface conditions reflected in the

city's working plans were not guaranteed to be accurate. Plaintiff undertook to conduct its own inspection and investigation of the construction site and any records pertaining thereto.

Plaintiff alleges that it was delayed by the city's general moratorium on street openings from November 19, 1979 through January 15, 1980. However, plaintiff had been informed of the moratorium prior to the execution of the contract and failed to make any effort to obtain an exemption from its provisions. Plaintiff further alleges that it was delayed because the city required mechanical joint pipe rather than Tyton joint pipe. Any delay in this regard was caused by plaintiff's failure to establish the equality of Tyton joint pipe to mechanical joint pipe in the manner required by the contract. Furthermore, the proper pipe could not be delivered until September 11, 1980 because of a strike at the manufacturer's foundry.

On the record as a whole, plaintiff has failed to allege conduct on the city's part amounting to bad faith or gross negligence. Accordingly, the third cause of action should be dismissed. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Kassal, JJ.