■ NOVAK & CO., INC., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant and Third-Party Plaintiff, et al., Third-Party Defendants. — Order, Supreme Court, New York County (Lehner, J.), entered July 2, 1984, modified, on the law, without costs, so as to grant defendant New York City Housing Authority summary judgment dismissing the third cause of action of plaintiff's complaint, and otherwise affirmed.

Plaintiff was the plumbing contractor on the Marcus Garvey public housing construction project in The Bronx. Plaintiff's third cause of action seeks $125,000 for increased labor costs, increased superintendent costs, and increased field and home office costs because of alleged breaches by the city of the construction contract between the parties. The plaintiff alleges a failure on the city's part to properly coordinate the work with its prime contractor; failure to provide elevator service; disruption of the normal sequence of operations; failure to timely process and prosecute its part of the work to be performed; misrepresentation; and failure to accept work in accordance with the contract.

In opposing these claims, the city relies on various exculpatory provisions of the construction contract. Specifically the contract provides: "If, because of any act or omission of the Authority, its inspectors or its officers, agents or employees * * * or of any Contractor of the Authority engaged in operations upon the site * * * or because of any extension of time granted to any Contractor by the Authority, whether with proper cause or without proper cause * * * the completion of the Work or any part thereof is necessarily delayed, without fault of the Contractor, beyond the time for completion * * * the Authority shall not be liable or responsible or answerable in any way for any damages caused thereby and no compensation shall be paid to the Contractor because of any suspension of Work or delay in its performance."

"No-damage-for-delay" clauses commonly included in city construction contracts are enforceable unless the conduct alleged is motivated by bad faith and malicious intent or amounts to gross negligence. (*Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377.) On the record it is clear that plaintiff's third cause of

action seeks recovery of damages for delays primarily resulting from interruptions of electric and elevator service. It was the duty of other contractors and not the city to furnish such services to the construction site. Those aspects of the third cause of action which relate to conduct by the city do not evidence malice or gross negligence on the part of its employees or agents. Accordingly the claims embodied in the third cause of action of plaintiff's complaint are barred by the "no-damage-for-delay" exculpatory provisions of the construction contract. (*See, Gottlieb Contr. v City of New York,* 86 AD2d 588, *affd* 58 NY2d 1051; *Corinno Civetta Constr. Corp. v City of New York,* 107 AD2d 610.) Concur — Murphy, P. J., Kupferman, Carro and Milonas, JJ.