■ VARLOTTA CONSTRUCTION CORP., Respondent, v SETTE-JULIANO CONSTRUCTION CORP. et al., Defendants, and AETNA CASUALTY AND SURETY COMPANY, Appellant. [651 NYS2d 484] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about May 19, 1995, which, to the extent appealed from, denied defendant Aetna Casualty and Surety Company's cross-motion to dismiss plaintiff's claims seeking compensation for certain utility work performed pursuant to contracts between defendant Sette-Juliano Construction Corp. and various utility companies, is unanimously reversed, on the law, without costs, such cross-motion granted and that portion of the complaint which seeks recovery against Aetna for utility work is dismissed.

There is no dispute that a surety's obligations are limited to those it undertakes in its bond and that the bond attaches to the principal contract and must be construed in conjunction therewith (*Carrols Equities Corp. v Villnave*, 57 AD2d 1044, 1045, *lv denied* 42 NY2d 810).

In the matter at bar, the IAS Court erred when it held that the utility work constituted "additional work" which Sette-Juliano was required to perform to satisfy its obligations under the contract. In fact, Sette-Juliano was neither required nor authorized to perform the work without first being hired to do so by the utility companies. Moreover, the utility companies had the option, at the time in question, to do the work themselves, bring in an outside contractor to do the work, or hire Sette-Juliano, which was already at the job site. The utility companies chose the latter. In addition, there is no reason to conclude, as the IAS Court did, that the bond was issued by Aetna with the intention of covering the separate contracts, especially since, under the court's determination, the bonds became insufficient, by approximately $1,000,000, to cover the cost of the construction project. Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.