■ VISCONTI CORPORATION, Respondent, v LABARGE BROTHERS COMPANY, INC., et al., Appellants. [707 NYS2d 566] —Order unanimously reversed on the law without costs, motion granted and amended complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motion for summary judgment dismissing the amended complaint. Plaintiff subcontractor commenced this action seeking damages for delays allegedly caused by defendant LaBarge Brothers Company, Inc. (LaBarge), the general contractor. The subcontract bars plaintiff from seeking damages for those delays, and thus we reject plaintiff's contention that such delays were not contemplated by the parties when they entered into the subcontract (*see, Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309-310; *see also, Gemma Constr. Co. v City of New York*, 246 AD2d 451, 454). Two instances of delay concern the failure of LaBarge to complete the subgrade of a building and the necessity of redesigning part of the foundation based on unanticipated subsurface water. However, the subcontract prohibits plaintiff from asserting delay damages against LaBarge arising

from any "subsurface condition * * * at the site" (*see, Buckley & Co. v City of New York*, 121 AD2d 933, 934, *lv dismissed* 69 NY2d 742). Defendants submitted proof that LaBarge could not complete the subgrade of the building until the wet subsurface conditions were resolved, and plaintiff failed to raise an issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

The remaining instances of delay concern the building materials required to complete the work. Even assuming that the delays were not contemplated by the contract, we nevertheless would grant summary judgment to defendants. The subcontract specifically prohibits plaintiff from asserting delay damages against LaBarge due to the acts and omissions of the owner or third parties, or matters outside the control of LaBarge. Defendants met their initial burden by submitting proof that the owner of the site provided building materials and that LaBarge never "handled, moved, or transferred [those] materials" to plaintiff, and plaintiff failed to raise an issue of fact whether LaBarge was responsible for the delays concerning the building materials (*see, Zuckerman v City of New York, supra*, at 562). (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Balio and Lawton, JJ.