■ COMMERCIAL ELECTRICAL CONTRACTORS, INC., Appellant, v PAVARINI CONSTRUCTION Co., INC., Respondent, et al., Defendants. (And Other Actions.) [856 NYS2d 46]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 23, 2007, which, upon reargument, adhered to a prior order granting defendant Pavarini's motion for partial summary judgment dismissing claims for damages due to delay, unanimously affirmed, without costs. Appeal from the prior order, same court and Justice, entered March 16, 2007, unanimously dismissed, without costs, as superseded by the appeal from the later order.

Pavarini, a general contractor, contracted with plaintiff, an electrical subcontractor, to perform work on a project in Manhattan. The prime contract was incorporated by reference in the subcontract, and both contained no-damages-for-delay clauses.

Plaintiff seeks to recover damages due to inordinate delays allegedly caused by defendant's improper scheduling and organization of subcontractors, changes to the work, and failure to provide temporary heating. This conduct allegedly constituted gross negligence and was unanticipated.

No-damages-for-delay clauses are unenforceable if the delays were caused by the contractor's bad faith or its willful, malicious, or grossly negligent conduct; were uncontemplated; were so unreasonable that they constitute intentional abandonment of the contract; or resulted from breach of a fundamental obligation of the contract (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]). Plaintiff alleged that work was delayed because defendant failed to provide temporary heat as planned when the building was not enclosed during the winter months, permitted sugarblasting of the concrete walls with high pressure water when plaintiff was scheduled to perform electrical work, made changes to the switchgear room, and failed to schedule the work of the different trades in an organized manner. Plaintiff at various points claimed the delay was anywhere between 8 and 20 months long.

Plaintiff has failed to raise a triable factual issue that the delays cited are exempt from the no-damages-for-delay clause. No evidence was presented that the conduct alleged was the result of defendant's gross negligence or willful misconduct.

Instead, the conduct amounted to nothing more than inept administration or poor planning, which falls within the contract's exculpatory clause (*see S.N. Tannor, Inc. v A.F.C. Enters.*, 276 AD2d 363 [2000]).

It was reasonably foreseeable that there would be changes to the work, such as a reduction in the size of the switchgear room, and delays of the type alleged. The prime contract made clear that the owner retained the right to make changes or modifications, and included a procedure to deal with delays. Furthermore, the delay alleged was not long enough to qualify as abandonment of the contract on these facts (*see Corinno*, 67 NY2d at 312-313). Concur—Saxe, J.P., Sweeny, McGuire and Acosta, JJ.