■ UNIVERSAL/MMEC, LTD., Appellant, et al., Plaintiff, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. (And a Third-Party Action.) [856 NYS2d 560]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 23, 2006, which, to the extent appealed from as limited by the briefs, granted the cross motion of defendants Mezz Electric and Guy Mezzancello and Joan Mezzancello for partial summary judgment dismissing plaintiff's claims for delay damages and for change order work performed without written authorization, and granted the cross motion of defendants Invensys Building Systems Inc., formerly known as Siebe Environmental Controls, a Division of Barber-Colman Company, and National Fire Insurance Company of Hartford for partial summary judgment dismissing plaintiff's loss of labor productivity claim, unanimously affirmed, without costs.

Order, same court and Justice, entered on or about January 31, 2007, which, to the extent appealed from as limited by the briefs, upon reargument, adhered to the March 23, 2006 order insofar as it denied plaintiff's motion for partial summary judgment on certain change order work performed pursuant to written directives, unanimously affirmed, without costs.

Order, same court and Justice, entered on or about February 20, 2007, which, to the extent appealed from, granted plaintiff's motion to amend the complaint to include a cause of action for loss of productivity only to the extent such cause of action was

not barred by prior orders, and struck the proposed cause of action for unjust enrichment from the proposed amended complaint, unanimously affirmed, without costs.

Plaintiff failed to establish a course of conduct that eliminated the contract provisions requiring change order work to be in writing (*see generally Barsotti's, Inc. v Consolidated Edison Co. of N.Y.*, 254 AD2d 211 [1998]).

Plaintiff's claims for loss of labor productivity due to inadequate hoists, excessive overtime work and working in an occupied building are precluded by the prime contract's "no damages for delay" clause (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 313-314 [1986]). Moreover, the contract specifically precludes claims based on the limited availability of hoists and specifically grants the owner the right to occupy the premises, or any part thereof, before the completion of construction. Since the surety bond was unambiguous in its incorporation of the terms of the contract, plaintiff cannot recover against the surety for claims prohibited by the contract (*see Dupack v Nationwide Leisure Corp.*, 73 AD2d 903, 905 [1980]; State Finance Law § 137).

Issues of fact exist whether plaintiff is owed anything on its claims for premium time and "Chiller Plant" work.

Plaintiff is precluded from recovery on a theory of unjust enrichment by the existence of the contract (*see Cornhusker Farms v Hunts Point Coop. Mkt.*, 2 AD3d 201, 206 [2003]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Gonzalez, Nardelli and Williams, JJ.