■ MCNAMEE CONSTRUCTION CORP., Respondent, v CITY OF NEW ROCHELLE, Appellant, et al., Defendants. (And a Third-Party Action.) [875 NYS2d 265]—

In an action to recover damages for breach of a construction contract, the defendant City of New Rochelle appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 2, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant City of New Rochelle for summary judgment dismissing the complaint insofar as asserted against it is granted.

"A clause which exculpates a contractee from liability to a contractor for damages resulting from delays in the performance of the latter's work is valid and enforceable and is not contrary to public policy if the clause and the contract of which it is a part satisfy the requirements for the validity of contracts generally" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]). However, even with such a clause, damages may be recovered, inter alia, for uncontemplated delays (*id.*). In other words, "exculpatory clauses will not bar claims from delays caused by the contractee if the delays or their causes were not within the contemplation of the parties at the time they entered into the contract" (*id.* at 309-310).

Here, the provisions in the subject contract, along with the subsequent conduct of the plaintiff, McNamee Construction Corporation (hereinafter McNamee), clearly demonstrate that the City of New Rochelle and McNamee contemplated the possibility of the subject project being delayed due to the presence of the infrastructure of underground utilities. Indeed, McNamee implicitly concedes in its brief that it contemplated interference with its work due to the presence of the infrastructure of certain utilities.

Thus, although McNamee contends that the parties to the subject contract did not contemplate that a delay might arise if the infrastructure, once found, were moved, McNamee, as an experienced excavator, must have reasonably foreseen the possibility that a utility company would be unable or unwilling to move its underground lines, pipes, or conveyances (*id.* at 310). Accordingly, the Supreme Court should have awarded summary judgment to the City dismissing the complaint insofar as asserted against it (*see Visconti Corp. v LaBarge Bros. Co.*, 272 AD2d 948 [2000]; *Blau Mech. Corp. v City of New York*, 158 AD2d 373 [1990]; *Thomason & Perry v State of New York*, 38 AD2d 609 [1971], *affd* 30 NY2d 836 [1972]).

McNamee's alternative argument for affirmance is improperly raised for the first time on appeal (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]; *Coney Is. Exhaust v Adriana Realty Corp.*, 236 AD2d 506, 507 [1997]).

We need not reach the City's remaining contention in light of our determination. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.