DART MECHANICAL CORP., Appellant, v CITY OF NEW YORK et al., Respondents. [891 NYS2d 76]—

Plaintiff failed to meet its heavy burden of establishing that the 32-month delay in the construction project falls within an exception to the rule that a "no damages for delay" clause in a construction contract such as the instant contract will be enforced (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297 [1986]; *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377 [1983]; *North Star Contr. Corp. & Tern Star v City of New York*, 203 AD2d 214 [1994]).

The record shows that the primary responsibility for the delay lay with another contractor, that defendants retained a construction manager and a scheduling consultant to set and maintain a schedule for completion, that regular progress and scheduling meetings were held, and that defendants and their representatives repeatedly requested that the delinquent contractor adhere to the schedule and perform the necessary work. This evidence raises no issue of fact as to defendants' bad faith or gross negligence (*see Kalisch-Jarcho*, 58 NY2d at 385-386; *Norelli & Oliver Constr. Co. v State of New York*, 30 AD2d 992 [1968], *affd* 32 NY2d 809 [1973]). Nor was the delay uncontemplated, as evidenced by several contract provisions (*see Corinno Civetta*, 67 NY2d at 309-310; *Buckley & Co. v City of New York*, 121 AD2d 933, 933-934 [1986], *lv dismissed* 69 NY2d 742 [1987]). Further, plaintiff failed even to allege any breach of a "fundamental, affirmative obligation" expressly imposed on defendants (*see Corinno Civetta* at 313).

Moreover, plaintiff waived any claim for delay damages by failing to strictly comply with the contract's notice provisions (*see MRW Constr. Co. v City of New York*, 223 AD2d 473 [1996], *lv denied* 88 NY2d 803 [1996]). Its submission of a detailed delay claim in connection with its request for final payment

nearly one year after substantial completion of its work under the contract cannot act to revive its already waived claims for delay damages.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Catterson, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.