■ LoDuca Associates, Inc., Appellant, v PMS Construction Management Corp., Respondent, et al., Defendants. [936 NYS2d 192]—

Plaintiffs seeking to invoke one of the exceptions to the enforceability of a "no damages for delay" clause face a "heavy burden" (*see Dart Mech. Corp. v City of New York*, 68 AD3d 664, 664 [2009]). Possible causes for delay specifically mentioned in the contract are, by definition, "contemplated" (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309-310 [1986]; *Universal/MMEC, Ltd. v Dormitory Auth. of State of N.Y.*, 50 AD3d 352, 353 [2008]).

The causes of action were properly dismissed, as the alleged

cause of the delays—primarily design defects based on faulty architectural drawings—was "precisely within the contemplation of the exculpatory clauses" (*Gottlieb Contr. v City of New York*, 86 AD2d 588, 589 [1982], *affd* 58 NY2d 1051 [1983]). Moreover, even if defendant knew or should have known of the alleged defects by reason of information it had prior to the contract, such facts constitute merely "inept administration or poor planning," which does not negate application of the "no damages for delay" provisions (*see Commercial Elec. Contrs., Inc. v Pavarini Constr. Co., Inc.*, 50 AD3d 316, 317-318 [2008]; *T.J.D. Constr. Co. v City of New York*, 295 AD2d 180 [2002]).

It is true that, as argued by plaintiff, the length of the delay is relevant to the issue of whether an exception to the general rule enforcing "no damages for delay" clauses applies (*see Bovis Lend Lease LMB v GCT Venture*, 6 AD3d 228, 229 [2004]). However, the length of the delay does not transform a delay caused by an event specifically contemplated by the "no damages for delay" clause into something uncontemplated (*see Dart Mech. Corp.*, 68 AD3d at 664 [32-month delay not actionable where several contract provisions indicated that delay was contemplated]).

The motion for leave to renew was properly denied since the new evidence offered by plaintiff demonstrated merely the alleged severity and scope of the alleged design defects and ensuing delays, but not that they were uncontemplated.

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe and Freedman, JJ.