# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**379**
**CA 15-01018**
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

WEYDMAN ELECTRIC, INC., PLAINTIFF-APPELLANT,

V                                                      MEMORANDUM AND ORDER

JOINT SCHOOLS CONSTRUCTION BOARD, CITY OF
SYRACUSE AND SYRACUSE CITY SCHOOL DISTRICT,
DEFENDANTS-RESPONDENTS.

---

SHEATS & BAILEY, PLLC, BREWERTON (JASON BAILEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JOHN G. POWERS OF COUNSEL), AND
ROBERT P. STAMEY, CORPORATION COUNSEL, FOR DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered February 19, 2015. The order
granted defendants' motion for summary judgment dismissing the amended
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff subcontractor commenced this action
seeking damages for delays allegedly caused by defendants and their
construction manager on a school renovation project. Insofar as
relevant to this appeal, plaintiff's amended complaint alleges a cause
of action for breach of contract for nonpayment. Defendants moved for
summary judgment dismissing the amended complaint on the ground, inter
alia, that plaintiff's claims are barred by the no-damages-for-delay
provisions of the contract. Supreme Court granted the motion on the
basis of, inter alia, the exculpatory provisions of the contract. We
affirm.

It is well settled that "[a] clause which exculpates a contractee
from liability to a contractor for damages resulting from delays in
the performance of the latter's work is valid and enforceable and is
not contrary to public policy if the clause and the contract of which
it is a part satisfy the requirements for the validity of contracts
generally" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d
297, 309, *rearg denied* 68 NY2d 753; *see McNamee Constr. Corp. v City
of New Rochelle*, 60 AD3d 918, 919, *lv denied* 13 NY3d 715). However,
"even with such a clause, damages may be recovered for: (1) delays
caused by the contractee's bad faith or its willful, malicious, or
grossly negligent conduct, (2) uncontemplated delays, (3) delays so

unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (*Corinno Civetta Constr. Corp.*, 67 NY2d at 309-310). Initially, we reject plaintiff's contention that there is a material distinction between damages caused by delay and those caused by "disruption," which plaintiff contends are not barred by the exculpatory provisions. That contention rests on nothing more than semantics, and it is clear that plaintiff's claim is that the alleged "disruption" resulted in delayed performance of its work.

Contrary to plaintiff's further contention, we conclude that defendants met their prima facie burden on their motion of establishing that the damages sought by plaintiff for delays in the performance of its work are barred by the no-damages-for-delay exculpatory clause of the parties' contract (*see Aurora Contrs., Inc. v West Babylon Pub. Lib.*, 107 AD3d 922, 923-924). It then became incumbent upon plaintiff in opposition to meet the "heavy burden" of establishing the applicability of one of the exceptions to the general rule that no-damages-for-delay clauses are enforceable (*Bovis Lend Lease [LMB], Inc. v Lower Manhattan Dev. Corp.*, 108 AD3d 135, 147; *see LoDuca Assoc., Inc. v PMS Constr. Mgt. Corp.*, 91 AD3d 485, 485). In this regard, we note that plaintiff's amended complaint did not plead any of the exceptions set forth in *Corinno* and, in opposition to the motion, "[p]laintiff . . . failed to raise a triable factual issue that the delays cited are exempt from the no-damages-for-delay clause. No evidence was presented that the conduct alleged was the result of [defendants'] gross negligence or willful misconduct. Instead, the conduct amounted to nothing more than inept administration or poor planning, which falls within the contract's exculpatory clause" (*Commercial Elec. Contrs., Inc. v Pavarini Constr. Co., Inc.*, 50 AD3d 316, 317-318). Even assuming arguendo that the project was dysfunctional and poorly managed, as plaintiff contends, we conclude that the exculpatory provisions bar plaintiff's claims (*see LoDuca Assoc., Inc.*, 91 AD3d at 486; *Blue Water Envtl., Inc. v Incorporated Vil. of Bayville, N.Y.*, 44 AD3d 807, 810, *lv denied* 10 NY3d 713). Moreover, plaintiff's claims, inter alia, that the work was performed out of sequence, poorly coordinated, and plagued by design changes were clearly contemplated by the exculpatory provisions of the contract (*see LoDuca Assoc., Inc.*, 91 AD3d at 485-486). We further conclude that plaintiff failed to allege facts and circumstances establishing that defendants breached a fundamental, affirmative obligation of the contract (*see Corinno Civetta Constr. Corp.*, 67 NY2d at 313). Plaintiff's contention that defendants' conduct amounted to an abandonment of the project is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985), and it is in any event without merit.

We reject plaintiff's further contention that the court erred in granting the motion without providing plaintiff the opportunity to complete discovery. Although a motion for summary judgment may be opposed on the ground "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]), "the opposing party

must make an evidentiary showing supporting this conclusion, mere speculation or conjecture being insufficient" (*Pank v Village of Canajoharie*, 275 AD2d 508, 509).  Plaintiff failed to make the necessary evidentiary showing.

In light of our determination, we do not consider plaintiff's remaining contentions.

Entered:  June 10, 2016                              Frances E. Cafarell
                                                     Clerk of the Court