■ In the Matter of LAWS CONSTRUCTION CORP., Appellant, v CONTRACT DISPUTE RESOLUTION BOARD et al., Respondents. In the Matter of LAWS CONSTRUCTION CORP., Appellant, v CONTRACT DISPUTE RESOLUTION BOARD et al., Respondents. [45 NYS3d 385]—

Order and judgment (one paper), Supreme Court, New York County (Ellen M. Coin, J.), entered February 16, 2016, denying the petition seeking to annul a determination of respondent Contract Dispute Resolution Board (CDRB), dated January 14, 2015, which denied petitioner's claim seeking damages in con-

nection with a construction project, and dismissing the proceeding brought pursuant to article 78, unanimously affirmed, without costs. Order and judgment (one paper), same court and Justice, entered on or about July 8, 2015, denying the petition seeking to annul CDRB's determination, dated May 28, 2014, which denied another claim seeking damages in connection with the project, and dismissing the proceeding brought pursuant to article 78, unanimously affirmed, without costs.

CDRB's determinations that petitioner waived its claims had a rational basis (*see generally Matter of Beck-Nichols v Bianco*, 20 NY3d 540, 559 [2013]). The contract governing the construction project required any request for an extension of time filed by petitioner to include a statement, "in detail," that petitioner "waives all claims except for those delineated in the application, and the particulars of any claims which [petitioner] does not agree to waive." CDRB rationally found that the claims at issue in both proceedings were not set forth with sufficient particularity in the broadly worded list of reserved claims in petitioner's sixth extension request (*see Mars Assoc. v City of New York*, 70 AD2d 839 [1st Dept 1979], *affd* 53 NY2d 627 [1981]).

Petitioner's reliance on the parties' course of conduct as to petitioner's previous five extension requests is precluded by the contractual provision stating that the City of New York and its agents may not be estopped by any decision made by the City's agents, as well as the general "unavailability of estoppel against governmental entities" (*Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 279 [1988], *appeal dismissed and cert denied* 488 US 801 [1988]).

In any event, CDRB rationally determined that petitioner's claim that its replacement of contaminated cover layer materials was made more costly by changes to the design of the golf course under construction, which had occurred during the delay in procuring the materials, was not an extra work claim but a delay damages claim precluded by the no-damages-for-delay clause in the contract (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 313 [1986]; *Commercial Elec. Contrs., Inc. v Pavarini Constr. Co., Inc.*, 50 AD3d 316, 317-318 [1st Dept 2008]).

Petitioner's claim of agency bias is unpreserved and, in any event, unavailing in the absence of any "proof that the outcome flowed from" any alleged bias (*Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]).

We have considered petitioner's remaining arguments for af-

firmative relief and find them unavailing. Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.