Welsbach Elec. Corp. v Judlau Contr., Inc. (2019 NY Slip Op 04037)





Welsbach Elec. Corp. v Judlau Contr., Inc.


2019 NY Slip Op 04037


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9398 652595/17

[*1]Welsbach Electric Corp., Plaintiff-Appellant,
v
Judlau Contracting, Inc., et al., Defendants-Respondents.


Gibbons, P.C., New York (Jennifer A. Hradil of counsel), for appellant.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 2, 2018, which granted defendants' motion to dismiss the third, fourth, fifth and seventh causes of action of the amended complaint, unanimously modified, on the law, to reinstate the seventh cause of action, and otherwise affirmed, without costs.
The causes of action relating to additional work, delay and acceleration of scheduled work were all properly dismissed, as the alleged cause of the delays was within the scope of the "no damages for delay" provision of the agreement between plaintiff and defendant Judlau Contracting, Inc. (JCI) (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309, 313-314 [1986]; Universal/MMEC, Ltd. v Dormitory Auth. of State of N.Y., 50 AD3d 352, 353 [1st Dept 2008]). Plaintiff failed to adequately allege either bad faith or a breach of a "fundamental, affirmative obligation" expressly imposed on defendants by the agreement (see Corinno Civetta at 313; Dart Mech. Corp. v City of New York, 68 AD3d 664, 664 [1st Dept 2009]; Polo Elec. Corp. v New York Law Sch., 114 AD3d 419, 419 [1st Dept 2014]).
Since damages caused by delays are precluded by the agreement between plaintiff and JCI, plaintiff also cannot recover damages under the bond due to such delays (see Varlotta Constr. Corp. v Sette-Juliano Constr. Corp., 234 AD2d 183, 183 [1st Dept 1996]). However, the bond, by its terms, covers payment for wages and compensation for labor performed and services rendered in furtherance of the construction project. Plaintiff's first cause of action, which defendants have not moved to dismiss, concerns nonpayment for services rendered. Accordingly, plaintiff's seventh cause of action, against the payment bond, should not have been dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK