Dinallo Constr. Corp. v Phoenix RMA Constr. Servs., LLC (2021 NY Slip Op 02061)





Dinallo Constr. Corp. v Phoenix RMA Constr. Servs., LLC


2021 NY Slip Op 02061


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Index No. 652491/17 Appeal No. 13480-13480A Case No. 2020-02904 

[*1]Dinallo Construction Corporation, Plaintiff-Respondent,
v
Phoenix RMA Construction Services, LLC, Defendant-Appellant, Michael Leineek, Defendant.
Phoenix RMA Construction Services, LLC, Counterclaim-Plaintiff-Appellant,
v
Liberty Mutual Insurance Company, Additional Counterclaim Defendant-Respondent.


Kaufman Dolowich & Voluck, LLP, Woodbury (Andrew G. Kao of counsel), for appellant.
Peckar & Abramson, P.C., New York (Alan Winkler of counsel), for respondents.



Order (resettled), Supreme Court, New York County (Robert R. Reed, J.), entered on or about June 24, 2020, which, to the extent appealed from, granted plaintiff's and additional counterclaim defendant's (Liberty Mutual) motion to dismiss defendant Phoenix RMA Construction Services, LLC's counterclaims for delay damages and unjust enrichment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 4, 2020, unanimously dismissed, without costs, as superseded by the appeal from the resettled order.
Plaintiff established via its agreement with defendant Phoenix that the delays for which Phoenix seeks damages were contemplated by the parties at the time that they entered into the agreement and that therefore the claim was precluded by the agreement's broad no-damages-f0r-delay provision (see LoDuca Assoc., Inc. v PMS Constr. Mgt. Corp., 91 AD3d 485 [1st Dept 2012]; Five Star Elec. Corp. v Trustees of Columbia Univ., 189 AD3d 536 [1st Dept 2020]; Weydman Elec., Inc. v Joint Schs. Constr. Bd., 140 AD3d 1605, 1607 [4th Dept 2016], lv dismissed 28 NY3d 1024 [2016]). Phoenix's claims of bad faith and gross negligence amount to "nothing more than inept administration or poor planning" (WDF Inc. v Trustees of Columbia Univ. in the City of N.Y., 170 AD3d 518, 519 [1st Dept 2019] [internal quotation marks omitted]; see generally Bovis Lend Lease [MLB], Inc. v Lower Manhattan Dev. Corp., 108 AD3d 135, 147 [1st Dept 2013]). Plaintiff's alleged failure to provide adequate heating did not breach a fundamental obligation of the contract (see Federated Fire Protection Sys., Corp. v Extell W. 57th St., LLC, 186 AD3d 1152 [1st Dept 2020]).
The existence of the parties' written agreement precludes Phoenix's unjust enrichment counterclaim (see Clark-Fitzpatrick Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Goldstein v CIBC World Mkts. Corp., 6 AD3d 295, 296 [1st Dept 2004]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021