Matter of Five Star Elec. Corp. v Metropolitan Tr. Auth. (2022 NY Slip Op 06319)

Matter of Five Star Elec. Corp. v Metropolitan Tr. Auth.

2022 NY Slip Op 06319

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 151287/21 Appeal No. 16623 Case No. 2022-00134 

[*1]In the Matter of Five Star Electric Corp., Petitioner-Appellant,
v
Metropolitan Transit Authority et al., Respondents-Respondents.

Hinckley, Allen, & Snyder, LLP, Albany (James J. Barriere of counsel), for appellant.
Evan Eisland, New York (Lily Abramchayeva of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered September 1, 2021, which denied the petition seeking to annul a determination of respondent Contract Dispute Resolution Board (CDRB), dated October 8, 2020, denying petitioner's claim under a contract with respondent New York City Transit Authority, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
CDRB had a rational basis for finding that petitioner failed to present evidence warranting the application of any exception to the general rule that no-damages-for-delay clauses are enforceable (see generally Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]). Delays caused by the Transit Authority's diversion of certain services in the aftermath of Superstorm Sandy were not uncontemplated by the parties, since such circumstances were "specifically mentioned in the [C]ontract" as "[p]ossible causes for delay" (LoDuca Assoc., Inc. v PMS Constr. Mgt. Corp., 91 AD3d 485, 485 [1st Dept 2012]). CDRB also had a rational basis for finding that petitioner failed to establish a "breach of a fundamental, affirmative obligation the agreement expressly imposes on the contractee" (Corinno, 67 NY2d at 313). In addition, CDRB had a rational basis for rejecting petitioner's argument that the Transit Authority breached the implied covenant of good faith and fair dealing in the course of contract performance, which does not impose "obligation[s] that would be inconsistent with other terms of the contractual relationship" (Dalton v Educ. Testing Serv., 87 NY2d 384, 389 [1995]). We have considered and rejected all of petitioner's remaining arguments, including its arguments based on alleged misrepresentations (see Glenn Partition vTrustees of Columbia Univ. in City of N.Y., 169 AD2d 488 [1st Dept 1991]) and design revisions (see e.g. LoDuca, 91 AD3d at 485-486).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022