JDS Constr. Group LLC v Copper Servs., LLC (2025 NY Slip Op 01576)

JDS Constr. Group LLC v Copper Servs., LLC

2025 NY Slip Op 01576

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 656912/20|Appeal No. 3910|Case No. 2024-01876|

[*1]JDS Construction Group LLC, Plaintiff-Respondent,
v
Copper Services, LLC, Defendant, Talisman Casualty Insurance Company, LLC, Defendant-Appellant.

Chiesa Shahinian & Giantomasi PC, New York (Jonathan Bondy of counsel), for appellant.
Cohen Ziffer Frenchman & McKenna LLP, New York (Andrew N. Bourne of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 9, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Talisman Casualty Insurance Company, LLC's motion for summary judgment dismissing the complaint as against it and granted plaintiff's motion for summary judgment as to liability, unanimously affirmed, without costs.
The court properly granted plaintiff construction manager summary judgment as to liability on its claim that defendant surety breached bonds guaranteeing a contractor's alleged breach of a construction subcontract. Defendant's argument that plaintiff itself did not incur damages fails because plaintiff entered into a valid liquidating agreement with the project's owner, the owner's sole member, and the project's prior construction manager, which bridged the privity gap that defendant raises (see North Moore St. Devs., LLC v Meltzer/Mandl Architects, P.C., 23 AD3d 27, 30 [1st Dept 2005]). Plaintiff's failure to plead the existence of the liquidating agreement in its complaint is immaterial because defendant did not show that it was prejudiced by this pleading deficiency (see CPLR 3026; Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75, 80 [1st Dept 2015]). Defendant had notice of the liquidating agreement months before the close of discovery and before it deposed plaintiff's representative. In addition, defendant failed to object to plaintiff's filing of the note of issue or seek additional discovery concerning the liquidating agreement.
Defendant's argument that plaintiff's breach of contract claim fails for lack of damages is not supported by the record. Defendant's own expert acknowledged that there was some evidence of more than $4 million in increased costs.
Further, defendant's claim that plaintiff may not recover consequential damages is unavailing. Section 25(e) of plaintiff's subcontract with defendant Copper Services, LLC (Copper) allows plaintiff to recover certain delay damages, and the section 25(f) waiver of consequential damages is expressly subject to those damages. However, we reject plaintiff's argument that only the performance bond governs; the bond incorporated by reference the subcontract, and thus plaintiff cannot recover against defendant for claims prohibited by the subcontract (see Universal/MMEC, Ltd. v Dormitory Auth. of State of N.Y., 50 AD3d 352, 353 [1st Dept 2008]).
We do not reach defendant's argument, raised for the first time in its appellate reply brief, that it is not liable under its bonds insofar as Copper may have a meritorious defense against plaintiff (see JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 576 [1st Dept 2012]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025