Gamma USA, Inc. v Pavarini McGovern, LLC (2025 NY Slip Op 03380)

Gamma USA, Inc. v Pavarini McGovern, LLC

2025 NY Slip Op 03380

Decided on June 05, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025

Before: Renwick, P.J., Kapnick, Mendez, Pitt-Burke, Michael, JJ. 

Index No. 655472/23|Appeal No. 4538|Case No. 2024-06455|

[*1]Gamma USA, Inc., Plaintiff-Appellant,
v
Pavarini McGovern, LLC, Defendant-Respondent.

Catania, Mahon & Rider, PLLC, Newburgh (Michael E. Catania of counsel), for appellant.
Peckar & Abramson, PC, New York (Brian D. Waller of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered September 24, 2024, which granted defendant's motion to dismiss plaintiff's cause of action for breach of contract and delay damages (first cause of action), unanimously affirmed, without costs.
Supreme Court correctly dismissed the first cause of action because the parties' subcontract, which defendant submitted on its motion to dismiss, "flatly rejected" plaintiff's allegations that it was entitled to damages caused by delay in the project (Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]; see also Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). Under the plain terms of the subcontract, the no-damages-for-delay clause expressly exculpates defendant from liability to plaintiff for damages resulting from delays in defendant's work (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 313-314 [1986]).
The subcontract is not ambiguous, nor do any purportedly conflicting provisions open the door for plaintiff to recover delay damages. Section 6.3 of the subcontract provides that "notwithstanding any other provisions" of the subcontract, plaintiff "agree[d] to make no claim for additional costs on account of, and assume[d] the risk of, any and all loss and expense for delay." This "notwithstanding" language overrides any conflicting provisions in the subcontract (see CNH Diversified Opportunities Master Account, L.P. v Cleveland Unlimited, Inc., 36 NY3d 1, 16 [2020]).
Despite plaintiff's contentions, the allegations in the first cause of action, even if true, do not show that plaintiffs may recover under any of the recognized exceptions to application of exculpatory language (see Corinno Civetta Constr., 67 NY2d at 309). Defendant's alleged conduct does not "smack of intentional wrongdoing," nor does it bespeak a "reckless indifference to the rights of others" (Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 385 [1983]). Instead, defendant's alleged actions amount at most to "inept administration or poor planning," which does not obviate application of the no-damages-for-delay provision (WDF, Inc. v Trustees of Columbia Univ. in the City of N.Y., 170 AD3d 518, 519 [1st Dept 2019] [internal quotation marks omitted]).
Furthermore, the alleged delays in commencement, prosecution, and completion of plaintiff's work did not constitute uncontemplated delays for which a plaintiff may recover damages even in the face of a no-damages-for-delay clause. In fact, each type of delay was specifically mentioned in the subcontract's no-damages-for-delay clause (see LoDuca Assoc., Inc. v PMS Constr. Mgt. Corp., 91 AD3d 485, 485 [1st Dept 2012]). Moreover, that there was a year-long delay in the commencement of plaintiff's work is of no moment, as the length of a delay does not transform a delay of a type specifically contemplated in a no-damages-for-delay clause into an uncontemplated delay (see id. at 486; see also Dart Mech[*2]. Corp. v City of New York, 68 AD3d 664, 664 [1st Dept 2009]).
Similarly, the allegations in the complaint do not show that defendant breached a "fundamental, affirmative obligation" that would support recovery for delay damages even in light of the no damages for delay clause (see Corinno Civetta Constr., 67 NY2d at 313). On the contrary, that exception is applied to only a narrow range of circumstances not presented here (see id.). Even if plaintiff's allegations that defendant failed to provide critical path method schedules and instead provided two-week look-ahead schedules, were true, it does not constitute a fundamental breach of the contract (see Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 824 [2d Dept 2011], lv denied 19 NY3d 803 [2012]). Nor does defendant's decision to remove a crane constitute a breach of a fundamental obligation, as plaintiff identifies no contractual terms that would support such a conclusion. Defendant's alleged representation that a crane would be available for "oversized panels" is not incorporated in the crane and hoist-related scope of work provisions, which warn that "hoist size and capacity are limited" and place responsibility on plaintiff to hoist items that exceed the hoist capacity. Finally, the site logistics plan was expressly subject to change, while the subcontract further required plaintiff to "coordinate . . . all material deliveries and their storage locations" with defendant and to
move stored materials at defendant's direction.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 5, 2025